**Matthew MASSIMO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 868, Docket 72–1438.**

United States Court of Appeals,
Second Circuit.

Argued May 19, 1972.

Decided July 7, 1972.

Walter L. Stratton, New York City (Paul A. Crotty, New York City, on the brief), for appellant.

Jay S. Horowitz, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Peter F. Rient, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Matthew Massimo appeals from an order of the United States District Court for the Southern District of New York denying, after a hearing, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (1970).

In 1969 Massimo was convicted by Judge Motley, sitting without a jury, on twenty-three counts of mail fraud and one conspiracy count, 18 U.S.C. §§ 1341, 1342, and 371 (1970). The crime consisted of obtaining credit cards under fictitious names, and then making purchases that were never paid for. This court affirmed the conviction on appeal, 432 F.2d 324 (2d Cir. 1970), cert. denied, 400 U.S. 1022, 91 S.Ct. 586, 27 L. Ed.2d 633 (1971). Massimo then petitioned Judge Motley under § 2255. After an evidentiary hearing Massimo's petition was denied, 339 F.Supp. 519. The district court and this court both denied bail pending appeal, but this court ordered the appeal expedited, since Massimo is serving his sentence and may be released in a few months.

Massimo claims that inculpatory statements were extracted from him in violation of his fifth and sixth amendment rights, and that he was denied his constitutional right to the effective assistance of counsel by his appointed counsel's failure properly to move for the suppression of those statements.[1]

Massimo was arrested on December 22, 1967 pursuant to a warrant by two postal inspectors and two United States marshals. He was shown a "Miranda" waiver form identical to one he later signed, but at the time of his arrest he refused to make any statements and even denied his identity. Further interrogation that day at the United States Courthouse in Foley Square did not result in any statements. Since Massimo was unable to post bail he was remanded to jail. On December 26 a postal inspector brought Massimo's brother to the jail, and after having indicated recognition, Massimo admitted his identity. The next day, December 27,[2] Massimo was given another copy of the waiver form. He signed it and proceeded to confess.

Counsel was appointed for Massimo on January 12, 1968, after he had been indicted. A notice of motion supported by Massimo's affidavit, was filed on February 2, 1968. While the motion did not request the suppression of statements taken from Massimo, the supporting affidavit quite clearly requested that re-

---

1. Appellant's present counsel was substituted after trial and handled the appeal, petition for certiorari, and the proceedings from which the present appeal is taken.

2. The form signed by Massimo is dated both December 26 and December 27, but from all the circumstances it appears that December 27 is the correct date.

lief. Judge Motley found, however, that Judge Weinfeld, who heard the motion on April 1, 1968, "considered only the admissibility of *tangible evidence* seized from Massimo at the time of his arrest. No hearing was ever held on the admissibility of any of Massimo's statements." Despite this fact, Massimo's counsel was clearly under the impression that a motion to suppress the statements had been made and denied, and he so represented before Judge Motley at the trial. Judge Motley then received in evidence a stipulation entered into by Massimo, his counsel, and the Government, which admitted the facts stated in the confession as given to the postal inspector, and admitted further that testimony by other witnesses would establish that the fraudulent credit card applications were in Massimo's handwriting and that the goods purchased with the cards had not been paid for. Massimo's sole defense was insanity, and Judge Motley rejected that defense in finding him guilty.

In ruling on appellant's § 2255 petition, Judge Motley found that the waiver form signed by appellant was inadequate to constitute an effective waiver of rights. She further found that counsel's handling of the question of the admissibility of appellant's confession "constitute[d] inadequate representation," though she stated only that "[s]uch behavior *comes close* to shocking the conscience of the Court" (emphasis added), not that it actually did so see, e. g., United States v. Matalon, 445 F.2d 1215 (2d Cir.), cert. denied, 404 U.S. 853, 92 S.Ct. 92, 30 L.Ed.2d 93 (1971). Judge Motley denied appellant's petition on the ground that the evidence available against Massimo apart from his confession was so overwhelming that the admission of the confession and counsel's inadequacy were harmless.

■■ We affirm the district court's determination on the sole ground that the waiver form signed by Massimo was adequate, and his confession was admissible, and that therefore the failure of counsel to move for its suppression did not prejudice appellant. See United States v. Moher, 445 F.2d 584, 585 (2d Cir. 1971); Perrone v. United States, 416 F.2d 464, 466 (2d Cir. 1969).

The waiver form signed by Massimo reads as follows:

"CONSTITUTIONAL RIGHTS

Before you are asked any questions you must understand your rights.

(a) You have the right to remain silent.

(b) Anything you say can be used against you in court.

(c) You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

(d) You have the same right to the advice and presence of a lawyer even if you cannot afford to hire one. *We have no way of furnishing you a lawyer but one will be appointed for you, if you wish, if and when you go to court.*

(e) If you decide to answer questions now without a lawyer present you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me." (Emphasis added.)

In finding this form inadequate the district court relied principally on United States v. Fox, 403 F.2d 97 (2d Cir. 1968), and United States v. Lamia, 429 F.2d 373 (2d Cir.), cert. denied, 400 U.S. 907, 91 S.Ct. 150, 27 L.E.2d 146 (1970). In *Fox*, the defendant was informed that "he could consult an attorney prior to any question," 403 F.2d at

99, and this court held, inter alia, that this warning did not adequately inform the defendant that he could have an attorney present *during* questioning. Appellant urges that the language in the warning underscored above must be construed to mean that he did *not* have the right to have counsel present during questioning. In *Lamia, Fox* was distinguished and the validity of the warning upheld.

Unlike Fox, Massimo was clearly warned that he could have a lawyer present *during* questioning. The only conclusion Massimo would have been justified in reaching on the basis of the warning was that, since he was clearly entitled to have a lawyer present during questioning and since no lawyer could now be provided, he could not now be questioned. The Fifth Circuit, in upholding a waiver form virtually identical to the one at issue here, employed the reasoning that we find persuasive:

> "That the attorney was not to be appointed until later seems immaterial since Lacy was informed that he had the right to put off *answering* any questions until the time when he did have an appointed attorney."

United States v. Lacy, 446 F.2d 511, 513 (5th Cir. 1971) (emphasis added). See also Mayzak v. United States, 402 F.2d 152, 155 (5th Cir. 1968).[3]

■ We are not persuaded, on the record before us, that the several efforts to question appellant had the effect of coercing him to sign the waiver form. The police have the privilege of "asking a defendant to reconsider his refusal to answer questions," United States v. Collins, 462 F.2d 792 (2d Cir. 1972).

The court expresses its appreciation to Walter L. Stratton, Esq., for his able and conscientious presentation of Massimo's claims.

Affirmed.

3. To the extent that United States v. Cassell, 452 F.2d 533 (7th Cir. 1971) and United States v. Garcia, 431 F.2d 134 (9th Cir. 1970) are to the contrary, we reject their conclusions.