No. 73–5679. WRIGHT *v.* NORTH CAROLINA ET AL. C. A. 4th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

The petitioner in this case challenges the admission at his trial for rape of certain self-incriminating statements. The statements were the result of police interrogation preceded by warnings which the petitioner asserts to be inadequate in light of the requirements enunciated in *Miranda* v. *Arizona,* 384 U. S. 436 (1966). The warning petitioner received stated in pertinent part:

> "You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to advice and presence of a lawyer even if you cannot afford to hire one. *We have no way of giving you a lawyer, but one will be appointed for you if you wish, if and when you go to Court."* (Emphasis added.)

Petitioner contends that the right to appointed counsel only "if and when he goes to court" is contrary to *Miranda, supra,* where we said:

> "This does not mean, as some have suggested, that each police station must have a 'station house lawyer' present at all times to advise prisoners. It does mean, however, that if police propose to interrogate a person they must make known to him that he is entitled to a lawyer and that *if he cannot afford one, a lawyer will be provided for him prior to any interrogation." Id.,* at 474 (emphasis added).

The validity of warnings which advise only of some *in futuro* right to counsel is an issue on which lower courts are divided. Courts of Appeals for the Seventh, Ninth, and Tenth Circuits have all concluded that such

warnings are inadequate compliance with *Miranda*.[1] In this case the Court of Appeals for the Fourth Circuit joined the Second, Fifth, and Eighth Circuits in holding the warnings adequate.[2] State courts are also widely divided on this issue, with Alabama, Arkansas, Idaho, Kansas, Oklahoma, and Washington finding the warnings insufficient[3] while Illinois, Indiana, Michigan, Mississippi, and New York have reached a contrary result.[4]

We are, of course, the only source of resolution for this conflict and it is our obligation to provide uniformity on such important federal constitutional questions. In reforming the Court's jurisdiction in 1925 the purpose was to allow us to "hear and determine those cases which should alone engage [our] attention," since under the prior law the Court was "hindered from . . . efficiently functioning in the performance of its highest duty of interpreting the Constitution and preserving uniformity of decision by the intermediate courts of appeals." H. R. Rep. No. 1075, 68th Cong., 2d Sess., 2 (1925). Mr.

---

[1] *Williams* v. *Twomey*, 467 F. 2d 1248 (CA7 1972); *United States* v. *Garcia*, 431 F. 2d 134 (CA9 1970); *Coyote* v. *United States*, 380 F. 2d 305 (CA10), cert. denied, 389 U. S. 992 (1967).

[2] *Massimo* v. *United States*, 463 F. 2d 1171 (CA2 1972), cert. denied, 409 U. S. 1117 (1973); *United States* v. *Lacy*, 446 F. 2d 511 (CA5 1971); *Klingler* v. *United States*, 409 F. 2d 299 (CA8 1969).

[3] *Square* v. *State*, 283 Ala. 548, 219 So. 2d 377 (1968); *Moore* v. *State*, 251 Ark. 436, 472 S. W. 2d 940 (1971); *State* v. *Grierson*, 95 Idaho 155, 504 P. 2d 1204 (1972) (dicta); *State* v. *Carpenter*, 211 Kan. 234, 505 P. 2d 753 (1973); *Schorr* v. *State*, 499 P. 2d 450 (Okla. Cr. App. 1972); *State* v. *Creach*, 77 Wash. 2d 194, 461 P. 2d 329 (1969).

[4] *People* v. *Williams*, 131 Ill. App. 2d 149, 264 N. E. 2d 901 (1970); *Jones* v. *State*, 253 Ind. 235, 252 N. E. 2d 572 (1969); *People* v. *Campbell*, 26 Mich. App. 196, 182 N. W. 2d 4 (1970), cert. denied, 401 U. S. 945 (1971); *Evans* v. *State*, 275 So. 2d 83 (Miss. 1973); *People* v. *Swift*, 32 App. Div. 2d 183, 300 N. Y. S. 2d 639 (1969), cert. denied, 396 U. S. 1018 (1970).

Justice Van Devanter had told Congress that the prime consideration in the exercise of discretionary jurisdiction was "whether the case is of such a character that the last word, the ultimate guiding rule, should be announced by the Supreme Court, so that there may be uniformity of decision in the several circuit courts of appeals, and also uniformity of decision in the State courts in so far as Federal matters are concerned." Hearings on Procedure in Federal Courts before a Subcommittee of the Senate Committee on the Judiciary, 68th Cong., 1st Sess., 29–30 (1924).

Because of the present conflict, the extent of one's federal constitutional rights varies according to the State or Circuit in which the question is presented. I would grant certiorari in order to resolve the issue and provide uniformity.