STATE OF MONTANA, Plaintiff and Appellant, v. DANIEL STERLING CASSIDY, Defendant and Respondent.

No. 14131
Submitted April 5, 1978.
Decided May 10, 1978.
578 P.2d 735.

Michael T. Greely, Atty. Gen., Helena, Robert L. Deschamps, III, County Atty., Missoula, for plaintiff and appellant.

Smith, Connor, VanValkenberg & Larrivee, Missoula, for defendant and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

The State of Montana appeals the order of the District Court, Missoula County, dismissing two counts of felony criminal mischief pending against defendant, on the ground defendant was denied his constitutional right to a speedy trial.

The cause was submitted to the District Court on a statement of facts stipulated to by the parties. The facts so stipulated are as follows:

On March 9, 1977, defendant was arrested on two counts of criminal mischief, felonies, as specified in section 94-6-102, R.C.M. 1947. Defendant made his initial appearance in Missoula County Justice Court on March 10, 1977, and was scheduled to reappear on March 21, 1977. Defendant reappeared on March 21, 1977 and requested a preliminary hearing. Said hearing was scheduled for March 30, 1977.

On April 4, 1977, the charges were filed in District Court, thus vacating the preliminary hearing. On April 4, defendant was arraigned in District Court and requested additional time in which to enter a plea. On April 25, 1977, defendant appeared with counsel and pleaded "not guilty" to both counts.

The cause was allocated to Department No. 3 of the Missoula County District Court, the Honorable Jack L. Green presiding, pursuant to Rule 2 of the Rules of Practice of the District Court of the Fourth Judicial District. Rule 2 provides, in part:

"Within Missoula County all matters filed in each Docket shall be allocated among the three departments in progressive numerical rotation. Trials and hearings on contested matters shall be before the Judge of the department in which the action is filed."

Judge Green, on October 3, 1977, scheduled the case for trial as the seventh case for November 1, 1977. On October 18, 1977, counsel for defendant filed a motion to dismiss. In an accompanying memorandum of authorities, it was argued:

"Trial by jury has been scheduled October 3, 1977, to commence November 1, 1977, and counsel is informed and believes that the actual time for trial will be on or about November 10, 1977, approximately 200 days since the date of defendant's arrest."

On November 15, 1977, Judge Green granted defendant's motion to dismiss for lack of a speedy trial. The State appeals.

The sole issue presented on this appeal is whether the District Court erred in granting defendant's motion to dismiss on the ground defendant had been denied his right to a speedy trial.

■ It has long been the rule in Montana that the determination of whether or not a defendant has been afforded a "speedy trial" within the constitutional meaning of said phrase, is a judicial question. *State v. McGowan*, (1942), 113 Mont. 591, 131 P.2d 262. With the legislative repeal of section 94-9501, R.C.M.1947, which established a six month time limit within which felony cases were required to be brought to trial, the question of whether or not a person accused of a felony has been denied a speedy trial has become exclusively a question of constitutional law.

■ The fundamental right of a person accused of a crime to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, applicable to the states by virtue of the Fourteenth Amendment, *Klopfer v. North Carolina*, (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, and by Article II, Section 24, 1972 Constitution of Montana.

In *Baker v. Wingo*, (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, 116, the United States Supreme Court adopted a balancing test "* * * in which the conduct of both the prosecution and the defendant are weighed." As a guide to the application of the balancing test, four factors were identified:

"* * * we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. 530, 92 S.Ct. 2192, 33 L.Ed.2d 117.

■ This Court adopted the four factor balancing test of *Barker* in *State ex rel Thomas v. District Court*, (1968), 151 Mont. 1, 438

P.2d 554. Said test has been consistently applied to speedy trial questions by this Court, the most recent application being *State ex rel Briceno v. District Court*, (1977), 173 Mont. 516, 568 P.2d 162, wherein it is stated:

"* * * These cases involve a sensitive balancing of four factors, in which the conduct of the prosecution and the defendant are weighed in determining whether there has been a denial of the right to a speedy trial. The four factors to be evaluated and balanced are:

"(1) Length of delay;

"(2) Reason for delay;

"(3) Assertion of the right by defendant; and

"(4) Prejudice to the defendant." 568 P.2d 163-164.

1. *Length of delay.*

■ As stated by this Court in *State v. Steward*, (1975), 168 Mont. 385, 543 P.2d 178:

"Unless there is a presumptively prejudicial delay, there is no necessity to inquire as to the other factors that go into the balance. * * *" 168 Mont. 389, 543 P.2d 181.

The State argues that the delay of 246 days between defendant's arrest and the date on which his trial would most likely have been held was not so lengthy as to give rise to the presumption of prejudice and, further, that not all of the delay is chargeable to the State.

Montana case law does not establish the precise lapse of time sufficient to give rise to presumptive prejudice. Those cases in which this Court has found a denial of the right to a speedy trial do, however, offer some guidance in this regard. In *Steward* a delay of 406 days from arrest to the arraignment, at which the trial date was set, was held presumptively prejudicial. In *Fitzpatrick v. Crist*, (1974), 165 Mont. 382, 528 P.2d 1322, a delay of seven months was held not to be "* * * a *per se* violation of petitioner's right to a speedy trial, but under the circumstances here it is thought long enough to shift to the state the burden of explaining the reason for the delay and showing absence of prejudice to peti-

tioner." 165 Mont. 388, 528 P.2d 1326. Delays of eleven months, *State ex rel Briceno v. District Court, supra,* and ten and one-half months, *State v. Keller,* (1976), 170 Mont. 372, 553 P.2d 1013, have also been held sufficient to trigger the inquiry mechanism as to whether the right to a speedy trial was denied.

Here, the delay of over eight months, computed from the time of defendant's arrest, is sufficient to shift to the State the burden of explaining the reason for the delay and absence of prejudice to defendant.

2. *Reason for Delay.*

The State, in essence, contends it prosecuted the instant case with reasonable diligence from the time defendant was arrested, and has occasioned no purposeful nor oppressive delay. It is maintained the trial was calendared according to the usual procedures, and in accordance with the Rules of Practice of the District Court of the Fourth Judicial District. The State thus relies on *State v. Carden,* (1977), 173 Mont. 77, 566 P.2d 780, wherein it is stated that the State is not automatically chargeable with all delays not attributable to the defendant, and a speedy trial is not denied where there exists an orderly progression of events leading to the trial of the matter. 566 P.2d 784, 785.

However, the State's advanced justification concerning the practice for scheduling trials in Missoula County is without merit. The situation is akin to that of attempted justification of delay on the basis of a crowded docket. As stated in *Steward,* citing *Strunk v. United States,* (1973), 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56:

"'* * * Unintentional delays caused by over-crowded court dockets or under-staffed prosecutors are among the factors to be weighed less heavily than intentional delay, calculated to hamper the defense, in determining whether the Sixth Amendment has been violated but, as we noted in *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, (1972), they must 'nevertheless * * * be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" 412 U.S. 436, 93 S.Ct. 2262, 37 L.Ed.2d 60.

Rather, the delay herein is similar in nature to that in *State ex rel Briceno*. In finding a delay of eleven months, consisting primarily of "dead time" during which no progression towards final disposition of the case occurred, this Court stated:

"* * * The prosecution simply was not pursued with reasonable diligence until the time the Information was filed * * *.

"* * *

"This is not a case involving delays occasioned in any manner, whether through time consuming investigations or good faith motions, by the conduct of defendants. It is true the state, in a given case, is not automatically chargeable with all delays not attributable to the defendant. *State v. Carden*, supra. The delays here appear to be unintentional rather than deliberate, nevertheless they are substantial delays resulting directly from a breakdown in the chain of prosecution, for which the state will be held responsible. The reason for the delay advanced by the state is insufficient to justify the lengthy delay." 568 P.2d 164-165.

The sole delay chargeable to defendant herein consists of the three weeks which transpired following his April 4, 1977 request for additional time to plead. The fact remains that, following the entry of the plea on April 25, 1977, nothing transpired until October 3, 1977, the date on which the trial date was set. The State simply failed to prosecute the case with a satisfactory degree of diligence.

3. *Defendant's Assertion of the Right.*

The State argues, in this regard, that defendant has failed to expedite the proceedings in this case through any active pleadings before the District Court, such as by requesting an earlier trial date. In addition, it is maintained that defendant's motion to dismiss for denial of a speedy trial was untimely, and should have been made at some point between entry of plea and the setting of the trial date. The State does not specifically contend, however, that defendant in some manner waived his right to assert a denial of a speedy trial.

It is, of course, the general rule under the present state of the

law that "* * * an accused must take some affirmative action to obtain a trial to be entitled to a discharge for delay." *State v. Steward*, 168 Mont. 390, 543 P.2d 182. Such burden is satisfied, however, by the making of an appropriate motion, discussed by this Court in *Steward* as follows:

"The 'appropriate motion' is a motion to dismiss for denial of a speedy trial. The proper time to assert the right to a speedy trial is prior to the actual commencement of the trial, usually at the time the trial date is set, or the time the case is called to trial. * * *". 168 Mont. 390-391, 543 P.2d 182.

▮ Defendant's assertion of the right in this case was in all aspects proper under the standard outlined in *Steward*, having been made between the time the matter was set for trial and the trial date itself.

4. *Prejudice to Defendant.*

The State argues that defendant has failed to demonstrate either actual or presumptive prejudice in this case.

▮ This Court, in weighing the factor of prejudice to the defendant, has followed the approach of *Barker* in considering the interests of a defendant which the right to a speedy trial is designed to protect. *Barker* defines these interests as:

"* * * (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety or concern of the accused; and (iii) to limit the possibility that the defense will be impaired." 407 U.S. 532, 92 S.Ct. 2193, 33 L.Ed.2d 118.

Certainly, the first interest of defendant was not affected by a lack of a speedy trial, as he was immediately released on bond and has not been incarcerated.

And the record is bare of facts demonstrating anxiety and concern on the part of defendant. However, as this Court noted in *Steward:*

"The second interest to be protected by a speedy trial may be difficult to prove, as anxiety and concern are not readily subject to objective evidence. The United States Supreme Court, on at least two occasions stated that, although the defendant is free on bond:

"(1) '* * * The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes.' (*Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 993, 18 L.Ed.2d 1, 7.)

"(2) 'Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' (*United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478; cited by Mr. Justice White in his concurring opinion in *Barker*.)" 168 Mont. 393, 543 P.2d 183.

Here, defendant was charged with two felony counts of criminal mischief, carrying a maximum penalty of 20 years in the Montana State Prison. Anxiety and concern on the part of defendant, under such circumstances and considering the "dead time" involved, can be presumed.

Finally, the State argues there has been no impairment to the defense in this case, as defendant has not shown there are any missing witnesses, nor witnesses unable to remember events. It is maintained that, in this respect, the instant case differs greatly from those in which key alibi witnesses could not be located, *State v. Keller*, or the defense is impaired due to the death of an essential defense witness, *State ex rel Briceno v. District Court*.

However, in the factual analogous case of *Steward*, this Court stated:

"It is difficult to determine whether defendant would be prejudiced due to impairment of his defense as there has been no trial or witness testimony which might indicate a loss of memory regarding events of the distant past. The prosecution might also have its case impaired due to the loss of memory of its witnesses, but the greater danger of prejudice exists for an innocent defendant who might, through lapse of time, be unable to accurately recall events on a certain day when there was no remarkable or memorable oc-

currences to etch the memory of the day in his mind." 168 Mont. 393-394, 543 P.2d 183.

Under the criteria of *Barker* and the authority cited above, and considering the facts of this case, we conclude the District Court was correct in dismissing the cause for denial of a speedy trial.

The order of the District Court dismissing the two count information against defendant is therefore affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and SHEEHY concur.