399 A.2d 111

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Robert JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 11, 1979.

Decided March 16, 1979.

350

Harris S. Pasline, Asst. Public Defender, Easton, for appellant.

Allan B. Goodman, Asst. Dist. Atty., Easton, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice:

On May 2, 1975, appellant, Robert Johnson, was convicted by a jury of robbery, criminal conspiracy, possession of a prohibited offense weapon, and recklessly endangering another person. Prior to trial, suppression motions were denied. Post-verdict motions were also denied, and appellant was sentenced from seven and one-half to fifteen years in prison. In an appeal to the Superior Court, appellant raised various issues which were decided adversely to him. As to

one issue involving the effectiveness of counsel, the Superior Court remanded the matter to the trial court for an evidentiary hearing. *Commonwealth v. Johnson,* 247 Pa.Super. 208, 372 A.2d 11 (1977). An evidentiary hearing has since been held and the transcript forwarded to this Court. Appellant filed a petition for allowance of appeal which this Court granted.

Appellant contends that all statements which he gave to the police should have been suppressed because he was not properly advised of his constitutional rights. We agree and therefore reverse the judgment of sentence and grant appellant a new trial.

When the prosecution contends that an accused has waived a constitutional right, the prosecution has a heavy burden of proving that an accused has exercised a knowing and intelligent waiver of that right. *Commonwealth v. Romberger,* 464 Pa. 488, 347 A.2d 460 (1975), *Commonwealth v. Goodwin,* 460 Pa. 516, 333 A.2d 892 (1975), *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972). After reviewing the record, we conclude that appellant did not knowingly and intelligently waive his constitutional rights.

Appellant and his co-defendant were arrested for the robbery of a restaurant. They were taken to police headquarters where they were read a version of their *Miranda* rights and then given a written copy of that statement to read. Appellant later signed the same version of his *Miranda* rights. Subsequently, appellant gave oral statements to the police. He refused to make any written statements without an attorney present.

Appellant was informed of his *Miranda* rights by the following statements:

"Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no

way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court._ If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer." (Emphasis added.)

The above underlined portion of the statement read to appellant was inadequate to fully inform appellant of his constitutional rights. While we have said that there is no one formula to be applied in determining whether a version of the *Miranda* warnings is constitutionally defective, the test set forth by this Court is whether the:

" . . . offered version is *more* likely to give a suspect a *better* understanding of his constitutional rights and a *heightened awareness* of the seriousness of his situation." (Emphasis added.)

*Commonwealth v. Singleton,* 439 Pa. 185, 190, 266 A.2d 753, 755 (1970). At best, the warnings given appellant when judged by this standard are equivocal. They suggest on the one hand that one's constitutional right to the assistance of counsel is triggered "if and when" the accused is taken to court. On the other hand, they state that one accused of a crime has a right to an attorney during police interrogation. Such internally inconsistent warnings can not be said to be "more likely to give a suspect a better understanding of his constitutional rights and a heightened awareness of the seriousness of his situation." *Commonwealth v. Singleton, supra.*

The adequacy of the *Miranda* warnings used in this case has been considered by at least four federal circuit courts, which have split in their views. A review and analysis of these decisions is contained in the dissenting opinion of Judge Spaeth in the Superior Court, portions of which follow:

"In my view these warnings are fatally flowed, for the reasons well stated by the United States Court of Appeals for the Seventh Circuit in *United States ex rel. Williams v. Twomey,* 467 F.2d 1248, 1249–50 (7th Cir. 1972), which

involved substantially identical warnings. (Footnote omitted.) Said the court:

Appellant challenges the adequacy of the advice of his right to an attorney, in light of the qualifying language, 'We have no way of furnishing you with an attorney, but one will be appointed for you, if you wish, if and when you go to court.'

*Miranda* requires a clear and unequivocal warning to an accused of his constitutional rights, prior to the taking of any statement, whether exculpatory or inculpatory, during interrogation occurring after an accused is taken into custody. One of those rights is, of course, the right to the presence of counsel, hired or appointed, before and during any police questioning. Referring to the necessary warning of the right to appointed counsel at this crucial stage of the accusatory process, the Supreme Court said:

'The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent—the person most often subjected to interrogation—the knowledge that he too has a right to have counsel present. As with the warnings of the right to remain silent and of the general right to counsel, only by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it.' *Miranda [v. Arizona]*, 384 U.S. 436 at 473, 86 S.Ct. 1602 at 1627, 16 L.Ed.2d 694 at 723.

[The majority holds] that the warning given here was not an 'effective and express explanation;' to the contrary, it was equivocal and ambiguous. In one breath appellant was informed that he had the right to appointed counsel during questioning. In the next breath, he was told that counsel could not be provided until later. In other words, the statement that no lawyer can be provided at the moment and can only be obtained if and when the accused reaches court substantially restricts the absolute right to counsel previously stated; it conveys the contradictory alternative message that an indigent is first entitled to counsel upon an appearance in court at some

unknown, future time. The entire warning is therefore, at best, misleading and confusing and, at worst, constitutes a subtle temptation to the unsophisticated, indigent accused to forego the right to counsel at this critical moment.

The practice of police interrogation of an accused, after informing him that counsel cannot be provided at the present time, is a practice anticipated and expressly prohibited by the *Miranda* decision.

" . . . if police propose to interrogate a person they must make known to him that he is entitled to a lawyer and that if he cannot afford one, a lawyer will be provided for him prior to any interrogation. If authorities conclude that they will not provide counsel during a reasonable period of time in which investigation in the field is carried out, they may refrain from doing so without violating the person's Fifth Amendment privilege so long as they do not question him during that time.' *Miranda,* 384 U.S. 436 at 474, 86 S.Ct. 1602 at 1628, 16 L.Ed.2d 694 at 724.

The majority prefers the analysis of *Wright v. North Carolina,* 483 F.2d 405 (4th Cir. 1973), *cert. denied,* 415 U.S. 936, 94 S.Ct. 1452, 39 L.Ed.2d 494 (1973), which is in large part based on the reasoning of *United States v. Lacy,* 446 F.2d 511 (5th Cir. 1971), and *Massimo v. United States,* 463 F.2d 1171 (2d Cir. 1972), *cert. denied,* 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973). (*Wright, Lacy* and *Massimo* also involved the same kind of warnings as in *Williams* and here.) In *Lacy* the Fifth Circuit found that the two requirements of *Lathers v. United States,* 396 F.2d 524 (5th Cir. 1968), had been met, namely, that a defendant must be informed that he has the right to the presence of attorney, and that the right is to have an attorney 'before he utter[s] a syllable,' and stated, '[T]hat the attorney was not to be appointed until later seems immaterial since Lacy was informed that he had the right to put off answering any questions until the time when he did have an appointed attorney.' 446 F.2d at 513. In *Massimo* the Second Circuit reasoned that since the de-

fendant had been warned that he could have an attorney *during* questioning, '[t]he only conclusion [the defendant] would have been justified in reaching on the basis of the warning was that, since he was clearly entitled to have a lawyer present during questioning and since no lawyer could now be provided, he could not now be questioned.' 463 F.2d at 1174. I have several objections to these analyses.

First, they require defendants to possess a sophisticated knowledge of logic. As the Seventh Circuit illustrated in *Williams,* the warnings quoted are ambiguous and seemingly internally inconsistent. True, some defendants may possess the sophistication necessary to puzzle through the syllogism suggested in *Massimo;* but such defendants were not the object of the Supreme Court's attention in *Miranda.* In explaining the necessity of advising defendants of their right to counsel at an interrogation, the Court said:

> The accused who does not know his rights and therefore does not make a request [for counsel] may be the person who most needs counsel. As the California Supreme Court has aptly put it:
>
>> 'Finally, we must recognize that the imposition of the requirement for the request would discriminate against the defendant who does not know his rights. The defendant who does not ask for counsel is the very defendant who most needs counsel. We cannot penalize a defendant who, not understanding his constitutional rights, does not make the formal request and by such failure demonstrates his helplessness. To require the request would be to favor the defendant whose sophistication or status had fortuitously prompted him to make it.' *People v. Dorado,* 62 Cal.2d 338, 351, 42 Cal.Rptr. 169, 177–178, 398 P.2d 361, 369–370 (1965) (Tobriner, J.).
>
> *Miranda v. Arizona,* 384 U.S. 436, 470–71, 86 S.Ct. 1602, 1626, 16 L.Ed.2d 694 (1966).

Second, at least so far as [the Superior Court] is concerned, there is a prescribed standard by which variations

on the *Miranda* formulation are to be judged; tested by this standard, the warnings in this case fail. Our Supreme Court stated in *Commonwealth v. Singleton,* 439 Pa. 185, 190, 266 A.2d 753, 755 (1970):

> Even though the Court [in *Miranda*] failed to set forth a single permissible formulation of this warning, however, they did clearly indicate that deviation from the prescribed formulation of the various warnings would be permissible only when the offered version is *more* likely to give a suspect a *better* understanding of his constitutional rights and a *heightened awareness* of the seriousness of his situation.

It cannot seriously be maintained that the pretzel-like warnings here—intertwining, contradictory, and ambiguous as they are—gave appellant 'a better understanding of his constitutional rights' than a straightforward recitation of those rights would have.[2]

[2] In one sense the warnings may have given appellant 'a heightened awareness of the seriousness of his situation,' for they said, in effect: 'There is no way you can get a lawyer now if you can't afford one, but you must still decide, without one, whether you are willing to answer our questions.' However, veiled threats are certainly *not* what the Supreme Court had in mind.

   ·     ·     ·     ·     ·

Finally, unlike the majority, I am not persuaded that appellant understood his right to counsel, and waived it, from the mere fact that he refused to put his oral statement into written form without an attorney present. Laymen tend to think that attorneys are required only when it comes time to 'put it in writing.' Appellant apparently thought so; and to me this signifies that he though either that he could make oral statements with impunity, or that he had no means of getting an attorney's advice about making such statements. I suggest that this apparent misunderstanding of his constitutional rights very likely resulted directly from the misleading warnings here at issue. *Cf. Commonwealth v. Scoggins,* 451 Pa. 472, 304 A.2d 102 (1973) (although warnings did not clearly say that defendant was entitled to counsel *during* questioning, held that Commonwealth proved

waiver by (1) defendant's testimony ('[T]hey said I didn't have to say nothing without my lawyer present.') and (2) clear and adequate warnings given three times in two days before the complained-of warnings).'

*Commonwealth v. Johnson,* 247 Pa.Super. at 216–222, 372 A.2d at 14–18.

We agree with the analysis and reasoning quoted above.

The majority opinion in the Superior Court also suggests that appellant's purported waiver was effective because after the police read their version of the *Miranda* warnings, appellant did not show that he misunderstood these warnings. 247 Pa.Super. 214, 372 A.2d 14 (1977). This analysis is misplaced. Not only were the *Miranda* warnings defective, but once questioning continues without the presence of an attorney, the burden is on the prosecution not the defendant to demonstrate that "the defendant knowingly and intelligently waived [the] privilege against self-incrimination and [the] right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. at 475, 86 S.Ct. at 1628, 16 L.Ed.2d at 724.

Because the appellant was not properly advised concerning his constitutional rights, appellant's statements made to the police should have been suppressed.

Appellant raises three other issues which involve the illegality of the search of his porch and apartment and the seizure of physical evidence, the excessiveness of the sentence of seven and one-half to fifteen years in prison, and the ineffectiveness of trial counsel for not raising and preserving certain issues during and after trial. In view of our disposition of this case, there is no need to consider these issues.

The order of the Superior Court is vacated, judgment of sentence is reversed, and appellant is granted a new trial.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and adopt the Superior Court decision (opinion by Judge Van Der Voort) in this matter found at 247 Pa.Super. 208, 372 A.2d 11 (1977) and quote in part therefrom:

A *Miranda* statement in this form was sustained as sufficient in *Wright v. North Carolina,* 483 F.2d 405, 406–7 (4th Cir. 1973) certiorari denied 415 U.S. 936, 94 S.Ct. 1452, 39 L.Ed.2d 494 (1974). A similar position has been taken by the 2nd and 5th Circuits, but a contrary conclusion was reached in the 7th and 9th Circuits, all reviewed in *Wright.* In our view, the statement read to appellant was adequate.

In any event, it was not misunderstood by appellant. While the statement is capable of the construction that appellant would not be assigned a lawyer until his trial began, it is demonstrable that appellant knew he had a right to counsel before making any statement to the police. We know this because upon his first confrontation with the police following the *Miranda* statement he refused to put his verbal comments into written form without the presence of a lawyer. The record also shows that he was represented by counsel at his preliminary hearing and, of course, at the trial. The ruling of the trial court that his verbal statements to the police might be admitted in evidence was correct, the Commonwealth having proved that appellant received his *Miranda* warnings, and there being no showing that he misunderstood the warnings given to him.