No. 80-11

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

RICKY ELDON WORDEN,

Defendant and Appellant.

_____

Appeal from:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark.
                Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Hull, Driscoll and Sherlock, Helena, Montana
        Dave Hull argued, Helena, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Charles Graveley, County Attorney, argued, Helena,
        Montana

                            _____

                            Submitted:  April 17, 1980

                            Decided:    MAY 8 - 1980

Filed:  MAY 8 - 1980

_____
                        Clerk

Mr. Justice John C. Sheehy delivered the opinion of the Court.

Ricky Eldon Worden appeals from his conviction of the crime of robbery in violation of section 45-5-401, MCA. Specifically, Worden alleges the District Court, First Judicial District, Lewis and Clark County, erred in denying Worden's motion to dismiss for lack of speedy trial.

On November 30, 1978, Worden was charged by information in Lewis and Clark County with the crime of robbery. At this same time, Worden was incarcerated and charged in Phillips County, Montana, on three counts of deliberate homicide, three counts of aggravated kidnapping, and one count each of robbery, theft, burglary and conspiracy.

On December 13, 1978, Worden was arraigned before the District Court, Lewis and Clark County, and pleaded not guilty to the charge of robbery. At the hearing, Worden served notice of his intent to rely on the defense of mental disease or defect and moved the District Court for an order authorizing Worden's transfer to Warm Springs State Hospital for a psychiatric evaluation. The motion was granted. The State moved to quash the order. The District Court did not rule on the State's motion, yet the Lewis and Clark County sheriff transported Worden to Malta after the hearing rather than to Warm Springs. The State's motion to quash was subsequently denied on December 28, 1978.

On February 15, 1979, the State moved for a continuance due to conflicts with the proceeding against Worden in Phillips County. The State moved to withdraw this motion on March 8, 1979. The District Court denied the withdrawal motion, and Worden formally filed a motion to dismiss for lack of a speedy trial. Worden's motion was also denied.

On March 19, 1979, Worden was taken to Warm Springs for the psychiatric evaluation. An omnibus hearing was held on

-2-

May 3, 1979.  Worden was not present at the hearing despite his prior request.  Defense counsel insisted on Worden's presence, and the District Court ordered Worden be transferred from Malta where Worden was incarcerated on the Phillips County charges.  The omnibus hearing was reset for May 24, 1979, and defense counsel reasserted his client's right to a speedy trial.  Worden again moved to dismiss for lack of a speedy trial on October 2, 1979.  The motion was denied.

Worden's trial began on October 15, 1979.  Just prior to the trial, Worden again moved to dismiss for lack of a speedy trial.  This motion was also denied.  At trial, Worden called no witnesses on his behalf and offered no exhibits.  Upon his conviction, Worden was sentenced to forty years in the Montana State Prison.  The sentence is to run consecutively with Worden's sentence on the Phillips County charges, and since Worden was found to be a dangerous offender, he is ineligible for parole.

The sole issue upon appeal is whether the District Court erred in denying Worden's motion to dismiss for lack of a speedy trial.  We find no error.

Each speedy trial case must be considered on an ad hoc basis.  We must balance the conduct of both the State and Worden keeping in mind the length of the delay, the reason for the delay, Worden's assertion of the right and any prejudice to Worden.  We will examine each of these factors in turn.

A.  Length of Delay

The length of the delay is a triggering device.  There is no need to examine the other three factors unless some delay has occurred which is deemed presumptively prejudicial. What length will be deemed presumptively prejudicial depends on the facts of each individual case.  A longer delay will

-3-

be tolerated in a complex case than would be tolerated in one involving a simple fact situation. State v. Harvey (1979), ___ Mont. ___, 603 P.2d 661, 667, 36 St.Rep. 2035, 2041.

The passage here of 319 days from the date the information was filed to the date of the trial is sufficient to shift to the State the burden of explaining the reason for the delay and showing the absence of prejudice to Worden. This was not a complex cause. Any complexity was due to the fact that the State chose to proceed with this cause at the same time Worden was being tried on the Phillips County charges. Moreover, the delay here is longer or comparable to the "triggering" delays in State v. Harvey, supra (229 days); State v. Dess (1979), ___ Mont. ___, 602 P.2d 142, 36 St.Rep. 1929 (249 days); State v. Freeman (1979), ___ Mont. ___, 599 P.2d 368, 36 St.Rep. 1622 (207 days); State v. Tiedemann (1978), ___ Mont. ___, 584 P.2d 1284, 35 St.Rep. 1705 (16-1/2 months); State v. Cassidy (1978), ___ Mont. ___, 578 P.2d 735, 35 St.Rep. 612 (246 days); State ex rel. Briceno v. Dist. Ct. of 13th Jud. Dist, etc. (1977), 173 Mont. 516, 568 P.2d 162, (7 months); State ex rel. Sanford v. District Court (1976), 170 Mont. 196, 551 P.2d 1005 (10 months); and, Fitzpatrick v. Crist (1974), 165 Mont. 382, 528 P.2d 1322 (11 months).

B. Reason for Delay.

Different weights will be assigned to different reasons for the delay. Thus, intentional delay will weigh more heavily than delays which are inherent in the system. State v. Harvey, supra, 603 P.2d at 667.

Most of the delay here was due to the State's conduct. This should weigh heavily against the State. After the arraignment, Worden was transferred to Malta rather than to

-4-

Warm Springs as ordered by the District Court. Similarly, at least two pretrial hearings had to be rescheduled due to the State's failure to appear. Finally, much of the delay was caused by the State's failure to have Worden present at pretrial hearings despite Worden's express desire to do so. The State refused voluntarily to bring Worden to Lewis and Clark County and mistakenly insisted the District Court was without any power to order Worden's presence.

The other major cause of the delay was institutional delay inherent in the system. While this cause weighs less heavily against the State, it still must be considered. The State bears the burden of bringing a defendant to trial. State v. Harvey, supra, 603 P.2d at 667.

C. Assertion of Right.

The defendant's assertion of his speedy trial right is entitled to great weight in determining a deprivation of that right. State v. Bretz (1979), ___ Mont. ___, 605 P.2d 974, 983, 36 St.Rep. 1037, 1043. Here, Worden asserted his speedy trial right on six separate occasions throughout the period of the delay.

The State asserts Worden was not really interested in a speedy trial as evidenced by Worden's lack of preparation for trial and the number and order of motions filed by Worden. The contention is without merit. Defense counsel was prepared for each stage of the proceedings. Moreover, defense counsel tried to expedite the proceedings on several occasions. Next, the State relies heavily on State v. Carden (1977), 173 Mont. 77, 566 P.2d 780, in this regard, but that case is clearly distinguishable.

D. Prejudice.

This factor must be weighed with regard to the three interests which the speedy trial right is intended to protect.

-5-

These interests are avoiding oppressive pretrial incarceration, minimizing the anxiety and concern of the accused, and limiting the possibility of impairing the accused's defense. State v. Harvey, supra, 603 P.2d at 665. In this cause, no prejudice is attributable to the State.

There is no evidence of oppressive pretrial incarceration here. Worden was incarcerated for over ten months prior to his trial, but that incarceration was due in large part to unrelated offenses. This Court cannot attribute any prejudice from that incarceration to the cause at hand. We cannot assess fault by any precise means. State v. Harvey, supra, 603 P.2d at 665.

Worden has not demonstrated any undue anxiety and concern resulting from the delay here. For the most part, any anxiety and concern was due to Worden's incarceration on the unrelated charges. Any anxiety and concern suffered from those charges cannot be charged against the State here. State v. Harvey, supra, 603 P.2d at 668.

Worden has not demonstrated any factors which show an impairment of his ability to prepare a defense. At trial, Worden had no defense; he did not call any witnesses nor offer any exhibits. State v. Dess, supra, 602 P.2d at 146. Moreover, there has been no showing of what defense would have been presented but for the delay and how that defense was impaired by the delay.

E. Balance.

No one factor in the speedy trial analysis is necessary in all circumstances or sufficient alone to determine a deprivation of the speedy trial right. All factors must be considered together with such other factors as might be relevant. This Court must engage in a difficult and sensitive balancing process. State v. Dess, supra, 602 P.2d at 146.

The ordinary procedures for criminal prosecution are designed to move at a deliberate pace. Here, the cause did not progress in as orderly and deliberate a step by step progression to trial as it might have. This was not a difficult cause. Yet, Worden has not demonstrated any prejudice whatsoever from the delay. Worden presented no defense at trial. Therefore, it is hard to imagine how Worden was prejudiced from any denial of his speedy trial right.

Having found no error in the District Court's denial of Worden's motion to dismiss for lack of a speedy trial, Worden's conviction on the charge of robbery is affirmed.

_____
              Justice

We Concur:

_____
      Chief Justice

_____

_____
          Justices

Mr. Justice Daniel J. Shea concurring:

I concur in the result of the majority but not in all that is stated.

_____
          Justice

-7-