GARY GENE SONDERGAARD, Appellant, v. SHER–IFF, CLARK COUNTY, NEVADA, Respondent.

No. 7747

February 7, 1975                    531 P.2d 474

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Roy A. Woofter,* District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

The sole issue presented by this appeal is whether Gary Gene Sondergaard has been denied his constitutional right to a speedy trial. The district court denied his pretrial petition for a writ of habeas corpus based on that premise. The chronology of this case is footnoted below.[1]

---

[1]
a. January 23, 1973........Criminal complaint filed charging murder.
b. January 24, 1973........Preliminary examination waived.
c. February 8, 1973........Information filed.
d. May 23, 1973............After a sanity hearing, accused found mentally incompetent and committed to Nevada State Hospital.
e. August 27, 1973.........Sanity Commission found accused competent, and district court ordered him returned to Clark County to stand trial.

The main thrust of the appellant's contention is that the State was compelled by statute to bring him to trial within 60 days after the Sheriff of Clark County was notified of the findings of the Sanity Commission that he was competent to stand trial. NRS 178.460. The State made no effort to do so, and has acknowledged its inadvertence in this regard.

Without question, the statute was violated. That violation, by itself, is not necessarily to be equated with a denial of his constitutional right to a speedy trial. It is a factor, of course, to be considered in applying the balancing approach of the United States Supreme Court announced in Barker v. Wingo, 407 U.S. 514 (1972). Four factors were there identified and are to be assessed in deciding whether a defendant has been denied his constitutional right. Those factors are the length of the delay, the reason for it, the defendant's assertion of his right, and prejudice to the defendant.

In the case at hand, the defendant did not demand trial, nor does he claim prejudice. The length of the delay is not inordinate, particularly in the light of his fluctuating mental condition, and his motion for a second sanity examination. Although the inability of the prosecution to give any reason for its failure to bring the defendant to trial within 60 days after August 27, 1973, is exceedingly disturbing, we do not consider this fault alone to overbalance the other considerations to which we have alluded. Accordingly, we affirm the order denying habeas relief.

f. January 22, 1974........Petition for habeas corpus filed asserting denial of right to a speedy trial.

g. Sometime after January 22, 1974, accused moved for a psychiatric examination. The court heard expert medical testimony on February 6 and February 21.

h. February 26, 1974.....Petition for habeas corpus denied, the court noting, among other things, that the accused was unable to assist his counsel to defend the case.

i. March 11, 1974..........Formal order entered finding accused incompetent and again committing him to the custody of the Superintendent of the Nevada State Hospital.