EARL MORGAN, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8918

September 30, 1976 554 P.2d 733

*Edwin J. Dotson* and *J. E. Smith,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

About seven p.m. on the evening of September 23, 1975, Las Vegas police officers were dispatched to Earl Morgan's residence to execute a search warrant. Finding no one at the house, the officers maintained a vigil for some fifteen (15) minutes until Morgan returned. The officers immediately served the warrant and during the ensuing search they seized a substantial amount of stolen property, and what appeared to be a controlled substance (marijuana). Morgan was promptly arrested and incarcerated. The following day he moved for a reduction of bail, which had been set at $75,000. On September 25, 1975, the magistrate reduced bail to $25,000.

A two (2) count criminal complaint was filed against Morgan September 29, 1975, four (4) judicial days after his arrest; however, his appearance before the magistrate was continued until the following day because of the absence of Morgan's counsel. The next day, September 30, 1975, Morgan appeared before the magistrate and the state filed two additional criminal complaints, one charging five counts of possession of stolen property; the other, possession of a controlled substance. After that appearance Morgan was released on his own recognizance and, on October 6, 1975, the magistrate granted a motion to dismiss the three complaints because Morgan had not been brought before a magistrate "without unnecessary delay," as contemplated by NRS 171.178(1).

The state appealed to the district court which reversed and remanded the proceedings to the justice court for preliminary examination. Morgan then sought, and was denied, habeas relief and in this appeal his sole contention is that the delay occasioned by the state proscribes prosecution and compels us to reverse.

Although Morgan argues the delay was prejudicial, the record does not support his undocumented conclusion. NRS 171.-178(1) provides that an arrested person shall be brought before a magistrate "without unnecessary delay" after his arrest. The purpose behind this procedural requirement is to check "resort to those reprehensible practices known as the 'third degree' which, though universally rejected as indefensible, still find their way into use. It aims to avoid all the evil implications of secret interrogation of persons accused of crime." McNabb v. United States, 318 U.S. 332, 344 (1943).

In the federal courts, the requirement that the arrested person be brought before the nearest available federal magistrate without unnecessary delay (Fed.R.Crim.P. 40(a)) has been held not to require mechanical or automatic obedience. Mallory v. United States, 354 U.S. 449, 455 (1957). But any reasonable delay must not be intended to allow for the extraction of a confession from the defendant. Id. at 455. The rule is invoked for the protection of a defendant who may be prejudiced by the delay, and when there is no confession, incriminating statements or interrogation occurring during the delay, the defendant's rights are not violated. United States v. Bandy, 421 F.2d 646 (8th Cir. 1970). Cf. Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969); Brown v. Justice's Court, 83 Nev. 272, 428 P.2d 376 (1967).

Affirmed.