SHERIFF, CLARK COUNTY, NEVADA, Appellant,
*v.* WILLIAM McKINNEY, Respondent.

No. 9569

June 15, 1977                    565 P.2d 649

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Appellant.

· *Kelly H. Swanson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Ordered to stand trial for robbery and the use of a deadly weapon in the commission of a crime (NRS 200.380; NRS 193.165), William McKinney filed a pretrial petition for a writ of habeas corpus, which was denied by the district court on August 18, 1976. Pursuant to NRS 34.380(3), McKinney timely filed a notice of appeal; however, the record was not received by the supreme court until December 2, 1976.[1]

McKinney filed a second petition for habeas relief on February 8, 1977, contending the delay which occurred between the time he filed his original notice of appeal and the time the record on appeal was docketed with the supreme court resulted in the denial of his right to a speedy trial and due process of law. The district judge granted the habeas petition and this appeal followed.

In determining when a delay amounts to a denial of a defendant's right to a speedy trial, four factors are considered, namely, the length of the delay, the reason for it, the defendant's assertion of his right, and resulting prejudice. Barker v. Wingo, 407 U.S. 514 (1972); Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975).

Here, McKinney has not demonstrated how his defense has been prejudiced, if at all, by the delay in docketing the record on appeal with the supreme court. *See* Shack v. State, 288 N.E.2d 155 (Ind. 1972). In fact, McKinney has been free on bail the entire time; furthermore, he had initiated the original delay and chose to wait more than two months after his unverified petition had been dismissed before filing a cognizable petition. Under these circumstances we are not prepared to charge the state with the sole responsibility for the delay. Maiorca v. Sheriff, 87 Nev. 63, 482 P.2d 312 (1971). *Cf.*

---

[1]In an unpublished order, filed December 6, 1976, we dismissed the appeal because McKinney's habeas petition was not verified as required by NRS 34.370(3).

Morgan v. Sheriff, 92 Nev. 544, 554 P.2d 733 (1976), and cases cited therein.

Thus, although the clerk of the district court may have been remiss in transmitting the record to the supreme court, "we do not consider his fault alone to overbalance the other considerations to which we have alluded." Sondergaard v. Sheriff, 91 Nev. at 95, 531 P.2d at 475. *Cf.* Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977).

Reversed.