DENNIS LARSGAARD, Appellant, v. SHERIFF,
CLARK COUNTY, NEVADA, Respondent.

No. 10890

February 28, 1979      591 P.2d 256

[Rehearing denied April 6, 1979]

*Denton & Denton,* of Las Vegas, for Appellant.

*Robert J. Miller,* District Attorney, and *Bill C. Hammer,*
Chief Deputy District Attorney, Clark County, for Respond-
ent.

## OPINION

By the Court, THOMPSON, J.:

The appellant, in custody on an open charge of murder, seeks release because of a 60-day delay in his arraignment. He asserts that such delay violates NRS 171.178(1) and his sixth amendment right to a speedy trial. These contentions were presented to the district court through a petition for habeas corpus and there denied. For reasons hereafter stated we agree with that court and affirm.

1. NRS 171.178(1) directs a peace officer to take the arrested person before a magistrate without unnecessary delay.[1]

After arrest the appellant promptly was taken before a magistrate. Arraignment, however, did not occur because of his motion to transfer the case to the juvenile division of the district court on the ground that he was only 17 years old at the time of the murder. His motion was granted and the case transferred. Thereafter, a petition was filed charging him with murder. The State then sought to have the case transferred back to justice's court, or to have the accused certified as an adult. The motion to transfer was denied and the petition for certification investigation was granted. Approximately three weeks thereafter, the accused was certified to stand trial as an adult, and his arraignment occurred the following day.

When first brought before the magistrate the appellant contended that since he was not charged with capital murder as defined in 1975 (when the offense allegedly happened) by NRS 200.030(1), he was within the exclusive jurisdiction of the juvenile court.[2] The magistrate accepted his contention and transferred the cause. In doing so the magistrate erred since juvenile court certification is not necessary when a minor is charged

---

[1]NRS 171.178(1): ". . . a peace officer making an arrest under a warrant issued upon a complaint or without a warrant shall take the arrested person without unnecessary delay before the magistrate who issued the warrant or the nearest available magistrate empowered to commit persons charged with offenses against the laws of the State of Nevada."

[2]In 1975, NRS 200.030(1) defined capital murder as murder perpetrated by: a) killing a peace officer or fireman . . .; b) a person who is under a sentence of life imprisonment without possibility of parole; c) executing a contract to kill . . .; d) use or detonation of a bomb or explosive device; and, e) killing more

with ·a capital offense. Rhodes v. State, 91 Nev. 17, 530 P.2d 1199 (1975); Lehmann v. Warden, 87 Nev. 24, 480 P.2d 155 (1971). His error which necessarily caused a delay in arraignment was prompted by the accused. We find it quite impossible to consider the delay unreasonable in these circumstances. The purposes behind the statutory requirement (see Morgan v. Sheriff, 92 Nev. 544, 554 P.2d 733 (1976)) were not frustrated here.

2. The contention that his right to a speedy trial was denied similarly is without merit. In balancing the factors to be considered, the length of the delay, the reason for the delay, the assertion of his right and prejudice to him [Barker v. Wingo, 407 U.S. 514 (1972); Sheriff v. McKinney, 93 Nev. 313, 565 P.2d 649 (1977); Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975)] the scales weigh in favor of the State. Most of the delay happened because of the appellant's erroneous insistance that the matter be transferred to the juvenile division of the district court. Neither is prejudice shown, although we acknowledge the possibility of its existence in any case where delay is involved. It would manifestly be improper to penalize the State for a delay caused mainly by the accused.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.

than one person willfully, deliberately and without premeditation as the result of a single plan, scheme or design.

NRS 62.040 invested the juvenile division of the district court with original exclusive jurisdiction over children who had committed delinquent acts.

NRS 62.050 required that criminal cases involving persons under the age of 18 years at the time the offense was committed be transferred to the juvenile division, except in the case of a capital offense.