PAUL JOSEPH BRINKMAN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10300

March 15, 1979 592 P.2d 163

*Swanson & Momot, Ltd.,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

By jury verdict appellant was convicted of burglary and robbery and sentenced to concurrent terms of ten years for each

offense with a credit of 264 days for time served. He now urges us to reverse, contending that (1) the district attorney's office should have been disqualified from prosecuting this case, (2) he was denied his statutory and constitutional rights to a speedy trial, (3) the verdict of guilty of robbery without the use of a deadly weapon is fatally inconsistent with the charged offense, and (4) a remark by the prosecutor made during sentencing was so prejudicial as to require resentencing.

1. *Prosecutorial disqualification.*

Brinkman contends that because a present but not then member of the Clark County District Attorney's office had defended him in 1971 on an unrelated criminal offense to which he plead guilty and was sentenced to five years in the state prison, the district attorney's office should have been disqualified from prosecuting this case. The attorney prosecuting the case stated that he had no contact or communication with appellant's prior counsel regarding the merits of the present matter.

Generally, a prosecutor is disqualified from personally acting in a criminal case if he has previously represented the accused in the same or a similar matter. See Annot., 31 A.L.R.3rd 953 (1970). Here, six years had elapsed since the prior case, the charges were completely unrelated, there was no threat of the destruction or impairment of a privileged relationship, and his prior counsel played no part in the prosecution of the subsequent case. Compare State v. Chambers, 524 P.2d 999 (N.M.App. 1974), cert. denied, 524 P.2d 988; State v. Latigue, 502 P.2d 1340 (Ariz. 1972). Accordingly, appellant's contention that the trial court erred in its refusal to recuse the entire district attorney's office is meritless. Accord People v. Wright, 318 N.E.2d 102 (Ill.App. 1974).

2. *Speedy trial.*

Although the information was filed December 6, 1976, trial was not had until June 6, 1977. Accordingly, appellant complains that he has been denied his right to a speedy trial. NRS 178.556; Klopfer v. North Carolina, 386 U.S. 213 (1967). The factors to be considered in assessing appellant's claim are: the length of the delay, the reason for the delay, the assertion of the right, and prejudice to the accused. Barker v. Wingo, 407 U.S. 514 (1972); Larsgaard v. Sheriff, 95 Nev. 171, 591 P.2d 256 (1979). Brinkman was arraigned initially on January 4, 1977. He then successfully requested a continuance in order to file a petition for a writ of habeas corpus challenging probable

cause. The petition, filed February 1, 1977, was heard on February 25, and denied March 1, 1977. His appeal to this court was dismissed on March 14, 1977.

Brinkman also filed a motion for bail reduction which, following hearing, was denied on March 18, 1977. Thereafter, appellant entered his plea of not guilty. He was advised of his right to speedy trial and the trial date was set for May 2, 1977, the earliest available date.

Sometime later appellant filed his motion to disqualify the district attorney's office. The motion was heard on the date set for trial and subsequently was denied. Again, the matter was set for the earliest available trial date. On the date set for the continued trial, appellant renewed his motion for reduction of bail, which motion was denied. Trial was then continued to June 6, 1977. A more immediate trial date was not possible due in part to the court's crowded calendar and in part to the defense counsel's other commitments.

Three days prior to trial, appellant filed his motion to dismiss on speedy trial grounds. The motion was denied and the trial was conducted as scheduled. In all, 161 days elapsed between the time the information was filed and trial. Most of the delays were occasioned by the actions of appellant or his attorney. Hardison v. State, 93 Nev. 551, 571 P.2d 107 (1977). No part of the delay is attributable to any action or inaction of the prosecutor and it would appear "manifestly improper to penalize the state for a delay caused mainly by the accused." Larsgaard v. State, *supra*. Appellant has neither alleged that the delay prejudiced his presentation of the case nor shown how the delay might have been avoided. Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975). We decline to reverse the conviction on this ground.

3. *Inconsistent verdicts.*

Although appellant was charged with the crime of robbery with the use of a deadly weapon in the commission of a crime, the jury returned a verdict of robbery without the use of a deadly weapon. The jury found there existed sufficient evidence to sustain a conviction of the charged offense. The uncontroverted testimony of the victim was that appellant entered her motel room and when she screamed, appellant drew a knife. Brinkman then took the victim's handbag from the table near where she was sitting and effected his escape.

For whatever reason, the jury saw fit to convict appellant of

the lesser included offense. In State v. McCorgary, 543 P.2d 952 (Kan. 1975), cert. denied, 429 U.S. 867, the Kansas court held that:

> where a jury relieves a defendant of punishment for a greater offense . . . and convicts him of a lesser included offense . . . the jury may have adopted its conclusion as an act of clemency. In such a case, the defendant cannot complain because the error does him no harm. [Citations omitted.]

*Id.* at 960. Here, there was adequate evidence to convict appellant of the charged offense. He should not now be heard to complain that the jury saw fit to relieve him of the enhanced penalty provided by NRS 193.165.

4. *Prosecutorial misconduct.*

During the sentencing hearing before the same judge that tried the case, the prosecutor made the statement that appellant was convicted of "robbery without—." Appellant complains the uncompleted remark unduly prejudiced his sentencing and requests that the case be remanded for resentencing. Appellant cites no authority in support of this assignment of error. We therefore decline consideration of the issue. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973); *Collins v. State*, 88 Nev. 168, 494 P.2d 956 (1972).

Finally, appellant argues that the trial judge improperly instructed the jury that the specific intent in a burglary may be presumed from an unlawful entry. The instruction was an accurate statement of the law. NRS 205.060; Arnold v. State, 94 Nev. 742, 587 P.2d 423 (1978); Redeford v. State, 93 Nev. 649, 572 P.2d 219 (1977). In addition, there was evidence of appellant's intent aside from the presumption from which the jury could have inferred appellant's guilt.

The remaining assignments of error being without merit, are rejected.

Affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.