SHERIFF, CLARK COUNTY, NEVADA, Appellant, v.
JEFFREY A. BERMAN and SUSAN LEE BERMAN,
Respondents.

No. 14027

SHERIFF, CLARK COUNTY, NEVADA, Appellant, v.
JAMES ALEXANDER NEWMAN, Respondent.

No. 14045

SHERIFF, CLARK COUNTY, NEVADA, Appellant, v.
TONY DE ROSA and RICHARD SULLIVAN,
Respondents.

No. 14054

February 28, 1983 659 P.2d 298

*Brian McKay,* Attorney General, Carson City; *Robert J.
Miller,* District Attorney, *James Tufteland* and *Ronald C.
Bloxham,* Deputy District Attorneys, Clark County, for
Appellant.

*Manos & Cherry, Ltd.,* and *Mark B. Bailus,* Las Vegas, for
Jeffrey A. Berman and Susan Lee Berman.

*Morgan D. Harris,* Public Defender, *Gary H. Lieberman,*
Deputy Public Defender, Clark County, for James Alexander
Newman.

*Sully, McKay & Lenhard,* Las Vegas, for Tony De Rosa.

*Dickerson, Miles, Pico & Mitchell,* Las Vegas, for Richard Sullivan.

## OPINION

By the Court, Mowbray, J.:

Respondents sought habeas relief in the district court, claiming that the State had violated their Sixth Amendment right to a speedy trial. The district court granted their petitions. The State has appealed. We agree with appellant that the district court erred in issuing the writs of habeas corpus. Therefore, we reverse and remand the cases for trial.

### THE FACTS

The Bermans, De Rosa, and Sullivan were arrested together in Las Vegas on April 7, 1981, on charges of sale of a controlled substance and possession of a controlled substance with intent to sell. At the time of the arrest, the police took into evidence approximately one kilogram of cocaine that the Bermans allegedly had sold to an undercover agent, and some white tablets believed to be methaqualone (Quaaludes). The defendants were released on bail following their arrest.

The cocaine was analyzed on April 17, 1981, and the case was submitted to the district attorney's office on May 12. On May 12, the screening attorney requested an analysis of the tablets taken from the Bermans, as the tablets had not been analyzed with the cocaine. The analysis of the tablets was completed May 19, and the district attorney's office received this analysis on May 27. A complaint was filed against the Bermans, De Rosa, and Sullivan on May 29. While all four were charged with sale of a controlled substance, the charge of possession of a controlled substance with intent to sell was lodged against the Bermans only.

The Bermans were arraigned on June 19, 1981. As De Rosa and Sullivan did not appear on that date, the magistrate issued bench warrants to obtain their presence. Counsel for De Rosa and Sullivan appeared on their behalf on July 1, and had the warrants quashed.

The Bermans, De Rosa, and Sullivan all moved to dismiss the charges on the grounds of pre-arraignment delay. After the magistrate denied their motions, they petitioned the district

court for writs of habeas corpus, arguing that the 73- and 85-day delays between their arrest and arraignments violated NRS 171.178 and their constitutional right to a speedy trial. The district court granted the petitions.

Respondent Newman was arrested on October 16, 1981, on a charge of selling cocaine. He was released on bail following his arrest. Newman was finally arraigned on February 18, 1982, and provided with a copy of the complaint.

On proper motion the justice's court dismissed the charge on the ground of pre-arraignment delay. Three days later Newman was indicted on the same charge. He then petitioned the district court for a writ of habeas corpus, arguing that the 125-day delay between his arrest and arraignment denied him his constitutional right to a speedy trial. The district court granted the petition.

The State has appealed the granting of habeas relief in all of these cases.

## MERE DELAY DOES NOT WARRANT HABEAS RELIEF UNDER NRS 171.178

NRS 171.178[1] affords an arrested person a statutory right to be brought before a magistrate "without unnecessary delay." It does not directly import the federal constitutional guarantee of a speedy trial, and does not require the same interpretation that federal courts have given the similarly-worded Federal Rule of Criminal Procedure 5(a). *See* Brown v. Justice's Court, 83 Nev. 272, 428 P.2d 376 (1967). *Cf.* Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975) (violation of NRS 178.460, which requires that the State bring a defendant to trial within 60 days after being notified that the defendant is competent to stand trial, does not establish constitutional speedy trial violation or right to habeas relief.)

The purpose of the statute is to prevent law enforcement personnel from conducting a "secret interrogation of persons

---

[1]NRS 171.178 provides in relevant part:

1. [A] peace officer making an arrest under a warrant issued upon a complaint or without a warrant shall take the arrested person without unnecessary delay before the magistrate . . . .

. . . .

3. If an arrested person is not brought before a magistrate within 72 hours after arrest, excluding nonjudicial days, the magistrate:

(a) Shall give the prosecuting attorney an opportunity to explain the circumstances leading to the delay; and

(b) May release the arrested person if he determines that the person was not brought before a magistrate without unnecessary delay.

accused of crime." Morgan v. Sheriff, 92 Nev. 544, 546, 554 P.2d 733, 734 (1976), *quoting* McNabb v. United States, 318 U.S. 332, 344 (1943). Speedy arraignment is primarily intended to ensure that the accused is promptly informed of his privilege against self-incrimination. Brown v. Justice's Court, *supra,* 83 Nev. at 276, 428 P.2d at 378.

The passage of time between arrest and arraignment will not alone establish a deprivation of the defendant's rights. *See* Deutscher v. State, 95 Nev. 669, 680, 601 P.2d 407, 414 (1979). *Cf.* Brown v. Justice's Court, *supra* (mere delay between arrest and arraignment, without some showing of prejudice to defendant's constitutional rights, does not deprive the justice's court of jurisdiction to proceed). Where there has been no interrogation during the delay, and the accused has not confessed or made incriminating statements, the delay has caused no prejudice to the accused, and his rights have not been violated. Morgan v. Sheriff, *supra;* Dunkin v. Lamb, 500 F.Supp. 184, 187 (D. Nev. 1980).

In the cases at bar, all defendants were released from custody immediately after their arrest. While the prearraignment delay in each of these cases was lengthy, and none of the delays resulted from the conduct of any of the respondents, the respondents did not make any incriminating statements or confessions or suffer any interrogation during the delays. Hence, the purpose of NRS 171.178 would not be served by the granting of habeas relief. The district court therefore erred in granting habeas relief on NRS 171.178 grounds.

## *RESPONDENTS WERE NOT DENIED THEIR RIGHT TO A SPEEDY TRIAL*

The Sixth Amendment guarantee of a speedy trial attaches once a putative defendant is "accused" by arrest, indictment, or the filing of a criminal complaint, which ever comes first. Dillingham v. United States, 423 U.S. 64 (1975); United States v. Marion, 404 U.S. 307 (1971).

In determining whether the right to a speedy trial has been violated, the court must in each case weigh at least the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant from the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); Brinkman v. State, 95 Nev. 220, 592

P.2d 163 (1979); Larsgaard v. Sheriff, 95 Nev. 171, 591 P.2d 256 (1979). The four *Barker* factors must be considered together, and no single factor is either necessary or sufficient. Moore v. Arizona, 414 U.S. 25 (1973). While a showing of prejudice to the defense is not essential, courts may weigh such a showing (or its absence) more heavily than other factors. *See, e.g.,* State v. Edwards, 594 P.2d 72, 80 (Ariz. 1979), *rev'd on other grounds,* 451 U.S. 477 (1981); State v. Larson, 623 P.2d 954, 959 (Mont. 1981).

The intervals between arrest and arraignment in the cases at bar are all sufficiently lengthy to trigger further inquiry into the other *Barker* factors. *See* Phillips v. State, 597 P.2d 456 (Wyo. 1979) (95-day delay between arrest and preliminary hearing sufficient to justify further inquiry). However, the delays alone do not establish any violation of speedy trial rights. *See, e.g.,* Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978); Sondergaard v. Sheriff, 91 Nev. 93, 531 P.2d 474 (1975); State v. Taylor, 594 P.2d 262 (Kan.App. 1979) (128-day delay between arrest and arraignment did not deny defendant his right to a speedy trial).

The State attributes the delays in these cases to the backlog of substances awaiting analysis in the Las Vegas police laboratory. There is no evidence in the record to indicate that the State sought intentionally to hamper the defense of the accused through delay. While the State's explanation of the delays is not entirely adequate, this fault is not determinative. *See* Sondergaard v. Sheriff, *supra.*

 ██

The assertion of the right to a speedy trial by the accused is entitled to strong evidentiary weight in determining whether the right has been denied. Barker v. Wingo, *supra,* 407 U.S. at 531. The record does not show that the Bermans, De Rosa, or Sullivan attempted to demand a speedy arraignment or trial at any time during the period of delay.

 ██

Prejudice to the accused is of paramount concern in speedy trial cases. *See* Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978); Sheriff v. McKinney, 93 Nev. 313, 565 P.2d 649 (1977); State v. Larson, 623 P.2d 954 (Mont. 1981); State v. Worden, 611 P.2d 185 (Mont. 1980). Bare allegations of impairment of memory, witness unavailability, or anxiety, unsupported by affidavits or other offers of proof, do not demonstrate a reasonable possibility that the defense will be impaired at trial or that defendants have suffered other significant prejudice. *See* Saiz v. Eyman, 446 F.2d 884 (9th Cir. 1971); Nickerson v.

State, 492 P.2d 118 (Alaska 1971); People v. Jamerson, 596 P.2d 764 (Colo. 1979).

All respondents made general claims of prejudice, but none made any offers of proof concerning testimony lost as a result of the delay. While the Bermans allege that they suffered economic hardship following Jeffrey Berman's arrest and suspension from work, preventing them from investigating potential witnesses, they do not show how the delay itself caused their financial troubles or which, if any, potential witnesses were in that manner lost.

In conclusion, while the State's explanation for the delays in the cases at bar may be inadequate, "we do not consider this fault alone to overbalance the other considerations to which we have alluded." Sondergaard v. Sheriff, *supra,* 91 Nev. at 95, 531 P.2d at 475. *See* State v. Worden, 611 P.2d 185 (Mont. 1980).

Respondents' citations to cases involving the question of whether the State has exhibited a "conscious indifference to important procedural rights [of defendants]" are inapposite to the cases at bar. As respondents' right to a speedy trial has not been denied, we reverse all grants of writs of habeas corpus in these cases and remand the cases for trial on the merits.

MANOUKIAN, C. J., and STEFFEN, J., concur.

SPRINGER, J., dissenting:

I dissent because I do not believe that the trial judge abused his discretion in granting the writs of habeas corpus in any of the three consolidated cases.

GUNDERSON, J., dissenting:

I, too, must respectfully dissent.

Our respected brethren in the majority correctly note that, pursuant to the United States Supreme Court's decision in Barker v. Wingo, 407 U.S. 514 (1972), a district judge must consider four factors when determining whether a defendant's right to a speedy trial has been violated. Our brethren also correctly recite that a district judge is obligated to consider all of the aforesaid factors together, and that no single factor is to be considered either necessary or sufficient. Moore v. Arizona, 414 U.S. 25 (1973). Notwithstanding these unquestioned legal premises, however, our brethren then proceed in the instant case to reverse the district judge's admittedly discretionary ruling.

I would be pleased to join our brethren if I could discern the legal principles which license their mandate.