ROSS VINCENT HUEBNER, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 16739

February 6, 1987                                    731 P.2d 1330

*John G. Watkins,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

[4]We note that the present counsel of record did not represent either of the parties to this appeal in the lower court.

# OPINION

*Per Curiam:*

Ross Vincent Huebner appeals his conviction of carrying a concealed weapon. The weapon was a sharp, pointed instrument, four and one-half inches in length, sheathed in what appears outwardly to be a ball-point pen.

Huebner does not argue that the device was not a weapon;[1] rather, he argues that there is no evidence that it was concealed.

The weapon, a four and one-half inch, spring-loaded, pointed implement designed for stabbing, was cleverly concealed within the shell of what appeared to be a ball-point pen. When Huebner was put under arrest for driving under the influence of intoxicants, the arresting officer noticed the pen and did not remove it from Huebner's person. The weapon was so well concealed within the pen shell that it was not discovered to be a weapon until the personal property inventory at booking.

---

[1] NRS 202.350(1)(b)(2), the basis of the charge against Huebner, makes it unlawful for one to "[c]arry concealed upon his person any . . . [d]irk, dagger or dangerous knife." Although it was not raised on this appeal, we note that a dagger is a short weapon used for thrusting and stabbing and that stabbing is using a pointed weapon to wound or kill. The Oxford Dictionary of English Etymology (1983).

Huebner argues that the weapon was not concealed because a portion of the "pen" protruded from under his belt. Huebner will not be heard by this court to say that this stabbing implement was not being concealed simply because a casual observer could see only a pen clipped to his belt and not the sheathed, stabbing device. The weapon was certainly concealed from the arresting officer by its disguise as a pen, or it would have been confiscated at the time of the arrest. In addition, there is evidence that the place on Huebner's belt where the weapon was clipped was concealed by a jacket worn by Huebner at the time of his arrest.

The nature of this case renders harmless any error that might have been committed by the claimed unavailability of a witness who, according to Huebner's counsel, was going to give expert testimony on the meaning of English words and phrases as they related to Huebner's guilt. We can see no possibility of this weapon's not being covered by the statute and can see no benefit to Huebner to be derived from etymological testimony. Further, we see no possibility of this masquerading stabbing device's not being considered either as concealed within the pen shell or as being concealed under Huebner's belt or both. The conviction must therefore be affirmed unless there is substance to Huebner's claim that he was denied his right to a speedy trial under the Constitution or under NRS 178.556 or that his rights under NRS 171.178(1) were violated.

## Speedy Trial

Huebner was arrested on January 10, 1985, and incarcerated until January 18, at which time he was brought before a magistrate. The criminal complaint was filed on January 18, 1985; the information was filed on April 10, 1985. Trial was held July 1, 1985, 103 days from the date of filing the complaint and 82 days from the date of filing the information.

NRS 178.556 provides that "[i]f a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment, complaint or filing of the information, the court may dismiss the indictment or information." Eighty-two days elapsed between filing of the information and trial. Huebner is responsible for approximately eleven days of delay. Dismissal is mandatory where there is a lack of good cause shown for the delay. *Anderson v. State*, 86 Nev. 829, 834, 477 P.2d 595, 598 (1970). The state has the burden of showing good cause. *Anderson*, 86 Nev. at 834, 477 P.2d at 598.

The state's motion to continue the trial under Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), was based on an affidavit claiming that the arresting officer was scheduled for vacation at the time of the trial. Although the affidavit incorrectly states that the arresting officer, Alessandra, discovered the weapon, his testimony was still a critical part of the prosecution's case, if for no reason other than to show that the pen-weapon was hidden under Huebner's jacket at the time of arrest.

### Failure to Bring Before a Magistrate

NRS 171.178(1) provides that an arrested person shall be brought before a magistrate "without unnecessary delay" after his arrest. Morgan v. Sheriff, Clark County, 92 Nev. 544, 546, 554 P.2d 733, 734 (1976). NRS 171.178(3) provides that:

> [i]f the arrested person is not brought before a magistrate within 72 hours after arrest, excluding nonjudicial days, the magistrate (a) shall give the prosecuting attorney an opportunity to explain the circumstances leading to the delay; and (b) may release the arrested person if he determines that the person was not brought before a magistrate without unnecessary delay.

The purpose behind NRS 171.178 is to prevent "resort to those reprehensible practices known as the 'third degree' which, though universally rejected as indefensible, still find their way into use. It aims to avoid all the evil implications of secret interrogation of persons accused of crime." McNabb v. United States, 318 U.S. 332, 344 (1943); Sheriff, Clark County v. Berman, 99 Nev. at 105-06, 659 P.2d at 300; Morgan, 92 Nev. at 546, 554 P.2d at 734. Speedy arraignment is principally intended to ensure that the accused is promptly informed of his privilege against self-incrimination. Berman, 99 Nev. at 106, 659 P.2d at 300; Brown v. Justice's Court, 83 Nev. 272, 276, 428 P.2d 376, 378 (1967).

Mere delay between arrest and arraignment, without some showing of prejudice to defendant's constitutional rights, does not deprive the court of jurisdiction to proceed. Berman, 99 Nev. at 106, 659 P.2d at 300; Brown, 83 Nev. at 276, 428 P.2d at 378. Where there has been no interrogation during the delay, and the accused has not confessed or made incriminating statements, the delay has caused no prejudice to the accused, and his rights have not been violated. Berman, 99 Nev. at 106, 659 P.2d at 300. Huebner does not assert that he was prejudiced by the admission

of any evidence which was extracted from him during this time of illegal incarceration.

While we hold that the illegal detention of Huebner for three days beyond the statutorily prescribed period of seventy-two hours was reprehensible, this violation of Huebner's rights did not taint his trial. *See* State v. Maldonado, 373 P.2d 583 (1962). Since Huebner was not denied a fair trial, his conviction should not be reversed on the grounds of illegal detention.

We perceive no substantial prejudice to the appellant's rights arising out of the delays in this case. Huebner had the weapon, and it was concealed. Not much could be said or done in his defense. His charges of prejudice caused by delay are stated to be that he lost employment as a result of the delay and that he was unable to secure needed witnesses. Neither of these claims has much substance.

The judgment of conviction is affirmed.