THE STATE OF NEVADA, Appellant,
v. RONALD FAIN, Respondent.

No. 19478

September 28, 1989                           779 P.2d 965

[Rehearing denied November 30, 1989]

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland* and *Daniel M. Seaton,* Deputy District Attorneys, Clark County, for Appellant.

*Michael A. Cherry,* Las Vegas; *Mark B. Bailus,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing an indictment against respondent.

On December 17, 1978, Wayne Rutledge was brutally murdered in Las Vegas. Rutledge was stabbed numerous times in the

face, neck, chest, back and abdomen, and was beaten about the head with a blunt instrument. Within a few months after the murder, Las Vegas police investigators suspected that respondent was one of the killers. However, they did not have sufficient evidence to allow them to prosecute respondent at that time. In 1980, respondent pleaded guilty to second degree murder in an unrelated case. He was sentenced to life in prison with the possibility of parole.

In January 1983, respondent telephoned a police investigator and said he wanted to talk about the Rutledge murder. According to the detective, respondent indicated that he was present when Rutledge was killed and may have been involved in the murder. In February 1983, respondent's ex-girlfriend gave a statement to the police containing a similar version of the facts. Armed with this new evidence, the police department requested the district attorney to file a criminal complaint against respondent. On March 16, 1983, a complaint was filed charging respondent with murder with the use of a deadly weapon. However, the complaint was never served on respondent and the prosecution was not carried out. In November 1986, after respondent again telephoned the police investigator, the detective checked respondent's computer file and discovered there was an active warrant for the Rutledge murder. A second complaint, identical to the March 1983 complaint, was filed on December 8, 1986.

Appellant filed a motion in the justice's court to dismiss the complaint on the ground that he had been denied his right to a speedy trial under the United States Constitution. The justice's court granted the motion to dismiss. On the state's appeal to the district court, the district court affirmed the decision of the justice's court. The state then sought an indictment from the grand jury. On October 2, 1987, the grand jury returned an indictment charging respondent with murder with the use of a deadly weapon. Respondent moved the district court to dismiss the indictment, again asserting that he had been denied his right to a speedy trial. On August 22, 1988, the district court dismissed the indictment. The state appeals from this order.

The state contends that respondent was not denied his constitutional right to a speedy trial and was, therefore, not entitled to have the charges against him dismissed. We agree. In determining whether a criminal defendant has been denied the right to a speedy trial, this court must consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant caused by the delay. *See* Barker v. Wingo, 407 U.S. 514, 530 (1972).

We first note that the delay in prosecuting respondent has been substantial. The time lapse between the filing of the first complaint in March 1983 and respondent's filing of a motion to dismiss in December 1986 is attributable to the state, as is the time between the filing of the indictment in October 1987 and respondent's motion to dismiss the indictment in December 1987. We note, however, that in *Barker v. Wingo* the delay attributable to the state was approximately the same as in the instant case (about four and one-half years). Further, the Court in *Barker* noted that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." 407 U.S. at 531.

The state characterizes its failure to prosecute respondent between March 1983 and December 1986 as "inadvertent" and "negligent." Although the record on this point is not entirely clear, it does not appear that the state deliberately delayed the prosecution in order to prejudice respondent. We note that even if respondent could show that the delay was intentional, he would not necessarily be entitled to a dismissal. *See Barker,* 407 U.S. at 516 (Commonwealth of Kentucky intentionally delayed Barker's prosecution because it wished to convict another suspect first and then obtain the other suspect's testimony against Barker).

It appears that respondent asserted his right to a speedy trial in a timely fashion after he was served with the complaint in November 1986, and has repeatedly asserted his claim since that time.

Prejudice to the accused is a paramount concern in speedy trial cases. Sheriff v. Berman, 99 Nev. 102, 107, 659 P.2d 298, 301 (1983). "Bare allegations of impairment of memory, witness unavailability, or anxiety, unsupported by affidavits or other offers of proof, do not demonstrate a reasonable possibility that the defense will be impaired at trial or that defendants have suffered other significant prejudice." *Id.* Respondent has failed to demonstrate significant prejudice or to support his allegations with evidentiary proof. He has not identified any specific witnesses who could have been interviewed or indicated how their testimony would have helped the defense. Respondent alleges that he has been deprived of a possible defense of insanity or mental incompetence. The record before this court, however, does not contain any factual support for this allegation such as affidavits from psychologists or psychiatrists or records of any treatment for mental illness. Respondent contends that he was prejudiced by the delay in that he lost the possibility of serving concurrent

sentences. Considering the brutal nature of Rutledge's murder, and given respondent's previous conviction for another murder, it is extremely unlikely that respondent would receive a concurrent sentence for this crime. We conclude that respondent has failed to demonstrate significant prejudice from the delay in prosecution.

While a showing of prejudice to the defense is not essential, the court may weigh such a showing, or its absence, more heavily than other factors. Sheriff v. Berman, 99 Nev. at 107, 659 P.2d at 301. Considering the facts of the present case in terms of the factors outlined in *Barker v. Wingo,* we believe that the absence of significant prejudice to the defense, and the serious nature of the crime sought to be prosecuted, outweigh the admittedly substantial delay in prosecution. We conclude that respondent was not deprived of his constitutional right to a speedy trial. We therefore reverse the order of the district court dismissing the indictment against respondent and we remand this matter to the district court for further proceedings consistent with this opinion.