An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY TERRELL HAMPTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61629

**FILED**

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court granting in part and denying in part a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant argues that the district court erred in declining to conduct an evidentiary hearing and denying the majority of appellant's claims of ineffective assistance of trial counsel raised in his October 23, 2009, petition.  To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).  Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a

---

[1]The district court granted appellant relief on a claim regarding appellant's adjudication as a habitual felon pursuant to NRS 207.012.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31057

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that his trial counsel was ineffective for failing to file a pretrial petition for a writ of habeas corpus arguing for dismissal of the charges due to delay of the arraignment. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel made an oral motion to dismiss based on the delay, which the court denied, and appellant fails to demonstrate that a competent attorney would have filed a petition after the court's denial of the oral motion. Moreover, "[f]ailure to bring a defendant before a magistrate without unnecessary delay does not warrant reversal absent a showing of prejudice to the defendant's constitutional rights." *Elvik v. State*, 114 Nev. 883, 895, 965 P.2d 281, 289 (1998) (citing *Huebner v. State*, 103 Nev. 29, 32, 731 P.2d 1330, 1333 (1987)). Appellant failed to demonstrate prejudice to his constitutional rights due to the delay. Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome had counsel filed a pretrial petition arguing for dismissal based on delay of the arraignment. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that trial counsel was ineffective for failing to investigate and interview a woman who was alleged to have conspired with appellant to commit the robbery. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant speculates that the woman might have provided helpful testimony if she had been located, but bare claims are

Supreme Court
OF
Nevada

(O) 1947A

insufficient to demonstrate that a petitioner is entitled to relief. *Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel investigated this potential witness. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his counsel was ineffective for failing to communicate with him, as appellant asserts counsel was not aware of the importance of the coconspirator and her potential testimony. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant only makes a bare claim that his counsel did not communicate with him and the trial transcript does not support appellant's claim that counsel was not aware of the coconspirator's contribution to appellant's version of events. In addition, as discussed previously, appellant makes only a bare allegation that the coconspirator would have provided helpful testimony, which is insufficient to demonstrate a reasonable probability of a different outcome had counsel had further discussions with appellant regarding that potential witness. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of appellate counsel without conducting an evidentiary hearing. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise

every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant argues that his appellate counsel was ineffective for failing to properly assert on appeal that he was prejudiced by pre-arraignment delay. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. As noted by appellant, counsel did raise this issue on direct appeal, but the claim was rejected by this court. *Hampton v. State*, Docket No. 49887 (October 16, 2008). Further, as discussed on direct appeal, appellant's constitutional rights were not violated by the delay. *See Sheriff v. Berman*, 99 Nev. 102, 105-06, 659 P.2d 298, 300 (1983). Appellant fails to demonstrate a reasonable likelihood of a different outcome on appeal had counsel raised further arguments regarding this issue. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his appellate counsel was ineffective for failing to assert there was insufficient evidence of conspiracy to commit robbery. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Evidence presented at trial demonstrated that the alleged coconspirator watched the victim prior to the robbery, stopped her vehicle near appellant and waited while appellant robbed the victim at knifepoint, and then drove away with appellant. This was sufficient evidence that appellant and the alleged coconspirator coordinated their actions towards robbing the victim. *See Thomas v. State*, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1998) (concluding that a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement, and thus is

sufficient evidence to convict a defendant of conspiracy). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Next, appellant argues that the errors of trial and appellate counsel cumulatively amount to ineffective assistance of counsel. As appellant fails to demonstrate deficiency or prejudice for any of his claims, he fails to demonstrate that cumulative errors amount to ineffective assistance of counsel.[2]

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.            _____, J.
Parraguirre                                      Cherry

cc:     Hon. Michael Villani, District Judge
        Law Office of Betsy Allen
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]Appellant asserts that the district court did not address this claim in its order. However, we conclude that the district court's order was sufficient to allow this court to review appellant's claim on appeal.