An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RICHARD P. DAVIES, ESQ.; AND KENNETH WARD, ESQ., Petitioners, vs. THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LYON; AND THE HONORABLE WILLIAM ROGERS, DISTRICT JUDGE, Respondents, and THE STATE OF NEVADA; AND JEREMIAH DIAZ BEAN, Real Parties in Interest. | No. 65432 |

**FILED**

MAY 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court order denying petitioners' motion for a continuance of real party in interest Jeremiah Diaz Bean's capital trial. Petitioners represent Bean in his capital prosecution and have filed this original petition in their individual capacity. That circumstance raises a question as to their standing to pursue extraordinary relief in this instance. We are compelled to answer this threshold question as it affects our original jurisdiction.

"To establish standing in a mandamus proceeding, the petitioner must demonstrate a 'beneficial interest' in obtaining writ relief." *Heller v. Nev. State Legislature*, 120 Nev. 456, 460-61, 93 P.3d 746, 749 (2004); *see* NRS 34.170 ("This writ . . . shall be issued upon affidavit, on the application of the party beneficially interested."). Having a beneficial interest in a matter requires a showing that petitioner has a "'direct and substantial interest that falls within the zone of interests to be protected by the legal duty asserted.'" *Heller*, 120 Nev. at 461, 93 P.3d at 749

SUPREME COURT
OF
NEVADA

(O) 1947A

14-16138

(quoting *Lindelli v. Town of San Anselmo*, 4 Cal. Rptr. 3d 453, 461 (Ct. App. 2003)). In other words, the writ must be denied if the petitioner will gain no direct benefit from its issuance and suffer no direct detriment if it is denied. *Id.* Counsel's concern in providing Bean with effective assistance of counsel at his trial is insufficient to establish the beneficial interest necessary to confer standing in this instance. In particular, Bean's Sixth Amendment right to the effective assistance of counsel belongs solely to him and counsel have no personal interest in that right. *See Cole v. Gabriel*, 822 S.W.2d 296, 296 (Tex. Ct. App. 1991) (dismissing a petition for a writ of mandamus filed by an attorney in his individual capacity because he did not have standing to assert his client's lawyer-client privilege because the attorney had no personal interest in the matter). Because counsel does not have standing to pursue this petition for a writ of mandamus, we must deny the petition.[1]

---

[1]We nonetheless are concerned that the district court placed too much emphasis on Bean's invocation of his speedy trial rights in denying the continuance. There is inherent tension between a defendant's speedy trial rights and his Sixth Amendment right to the effective assistance of counsel. *See People v. Frye*, 959 P.2d 183, 202 (Cal. 1998) (noting tension between right to speedy trial and right to effective assistance of counsel that arises "when the defendant's desire to invoke the right to speedy trial by refusing to waive time [comes] into conflict with defense counsel's request for a continuance"), *overruled on other grounds by People v. Doolin*, 198 P.3d 11 (Cal. 2009); *Taylor v. State*, 557 So. 2d 138, 141-42 (Fla. Dist. Ct. App. 1990) (noting the tension between the right to a speedy trial and the constitutional right to competent, prepared counsel), *disapproved on other grounds by Heuss v. State*, 687 So. 2d 823, 824 (Fla. 1996). Bean's invocation of his speedy trial rights is only one factor in deciding whether a continuance would infringe on that right; the reason for the delay must also be considered. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (identifying four factors); *see also Sheriff v. Berman*, 99 Nev. 102, 107, 659 P.2d 298, 301 (1983) ("The four *Barker* factors must be considered together, and no single factor is either necessary or

*continued on next page . . .*

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

I am extremely concerned that Bean is "gaming" the administration of criminal justice by forcing his counsel to proceed to trial before counsel has properly prepared a mitigation defense to the capital murder charge.

The majority denies the petition on the basis that Bean's counsel does not have standing (no personal interest in Bean's Sixth

---

*. . . continued*

sufficient."). Similarly, the statutory right to a speedy trial may give way to a showing of good cause for a delay. *Huebner v. State*, 103 Nev. 29, 31, 731 P.2d 1330, 1332 (1987). The proffered reason or good cause for the delay is the need to protect Bean's constitutional right to effective assistance of counsel. That reason is significant and may warrant a reasonable continuance without violating Bean's right to a speedy trial. *See Taylor*, 557 So. 2d at 142 (finding no violation of the constitutional right to speedy trial where continuance, granted over defendant's objection, was reasonable and necessary to protect right to competent, adequately prepared counsel). It is unclear whether the district court gave sufficient consideration to the reason for the delay or based its decision solely on Bean's invocation of his speedy trial rights and objection to a continuance.

[2]We deny petitioners' motions to stay the district court proceedings and to expedite this court's decision on the stay motion.

Amendment rights), and further, that Bean's right to a speedy trial trumps his Sixth Amendment right to effective assistance of counsel. Thus, by denying the petition, the majority is allowing a speedy trial to outweigh effective assistance.

My vast experience in the capital murder "trenches" as a public defender, court-appointed attorney, special public defender, and trial judge convinces me that Bean's counsel should prevail in this pretrial matter, and that a stay of proceedings and a continuance of the trial date are appropriate so that counsel can be adequately prepared to present mitigation evidence to the jury in case Bean is convicted of first-degree murder.

I do not pretend to have a crystal ball, but I do envision extensive post-trial proceedings, including post-conviction relief years later if, in fact, Bean is sentenced to death.

Why is it "strategy" or "tactics" when a defense attorney concedes the guilt of his or her client without the client's consent, *Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013), which could be construed to violate the client's Fifth and Fourteenth Amendment rights to remain silent and not be forced to testify, and yet in this matter we ignore the strategy or tactics of defense counsel in their quest to provide effective assistance to a capital murder defendant?

I have observed numerous situations where a defendant's speedy trial rights have been foiled due to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

In light of the above, I respectfully dissent.

_____, J.
Cherry

 

cc: Hon. William Rogers, District Judge
Kenneth V. Ward
Richard P. Davies
Jeremiah Diaz Bean
Attorney General/Carson City
Lyon County District Attorney
Third District Court Clerk