IN THE SUPREME COURT OF THE STATE OF NEVADA

TREVOR JAY SARNOWSKI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76411

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This an appeal from a judgment of conviction, pursuant to a jury verdict, of eight counts of open or gross lewdness; four counts of statutory sexual seduction; three counts of sexual assault on a child under the age of 16; two counts of lewdness with a minor under the age of 14; two counts of use of a minor in the production of pornography; and one count each of sexual assault with a child under the age of 14, incest, and child abuse and neglect.[1] Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

The State originally filed a 61-count indictment[2] against appellant Trevor Sarnowski involving the sexual abuse of two minors. After approximately eight-and-a-half years in custody awaiting trial, Sarnowski moved to dismiss the indictment, arguing that the State violated his Sixth Amendment right to a speedy trial. Sarnowski now argues that the district court erred in denying that motion.

There is no fixed time that indicates when the right to a speedy trial has been violated; rather, the right is assessed in relation to the circumstances of each case. *Barker v. Wingo*, 407 U.S. 514, 521-22 (1972).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]During trial, the State amended the indictment to 27 counts, to conform to the trial evidence.

20-23453

We analyze alleged speedy trial violations using the four-factor test set out in *Barker* and clarified in *Doggett v. United States*, 505 U.S. 647 (1992), considering the length of and reason for the delay, the defendant's assertion of his speedy trial right, and prejudice to the defendant. *Barker*, 407 U.S. at 530. The factors are related and we consider them together along with any other relevant circumstances, treating no single factor as determinative. *State v. Inzunza*, 135 Nev. 513, 516, 454 P.3d 727, 731 (2019). We review for an abuse of discretion a district court's decision on a motion to dismiss based on a violation of the right to a speedy trial, giving deference to factual findings and reviewing them for clear error, but reviewing the district court's legal conclusions de novo. *Id.* at 516, 454 P.3d at 730-31.

The first factor triggers further analysis only if a defendant shows a delay of sufficient duration to be considered "presumptively prejudicial." *Barker*, 407 U.S. at 530. The State conceded below that the delay's length triggered further analysis such that it waived any challenge to that finding on appeal. *See Pantano v. State*, 122 Nev. 782, 795, 138 P.3d 477, 486 (2006) (explaining that appellate consideration is precluded on grounds not raised below). Regardless, we agree that the more than eight-year delay between the filing of charges and trial triggered further analysis. *See United States v. Black*, 918 F.3d 243, 255 (2d Cir. 2019) (finding "easily" that an almost six-year wait to stand trial was "substantial and presumptively prejudicial").

As to the second factor—the reason for the delay—the record supports the district court's findings that neither the State nor the court contributed to the majority of the delay, the State prosecuted the case with reasonable diligence under the circumstances, the State's continuance requests were not deliberate efforts to hamper the defense, and there was

SUPREME COURT
OF
NEVADA

(O) 1947A

no evidence of abusive court procedures that added to the delay. *See Inzunza*, 135 Nev. at 517, 454 P.3d at 731. Indeed, either Sarnowski or his counsel were responsible for the majority of the delay. *See Leonard v. State*, 117 Nev. 53, 83, 17 P.3d 397, 416 (2001) (explaining that despite a significant delay, the other factors weighed against a determination that the defendant was denied his right to a speedy trial where the reasons for most of the delay were not by fault of the State or the court and a significant portion of the delay resulted from defense counsel's actions, specific requests, and replacement). To the extent Sarnowski argues that his counsel caused the delay, we note that "delay caused by the defendant's counsel is also charged against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009). And ultimately, inquiry into whether the State was responsible for the delay is the central focus of this second factor. *United States v. Alexander*, 817 F.3d 1178, 1182 (9th Cir. 2016). Here, the State was not responsible for the significant delay.[3]

As to the third factor—the assertion of the right—the record supports the district court's finding that Sarnowski waived his right to a speedy trial. And lastly, we consider the fourth factor—prejudice to the defendant. Beyond making general claims that the delay prejudiced his defense, Sarnowski did not demonstrate a reasonable possibility that his defense was impaired or that he suffered significant prejudice caused by the delay. *See Sheriff v. Berman*, 99 Nev. 102, 107, 659 P.2d 298, 301 (1983)

---

[3]Given the complexities of the case—more than half of the 61 counts exposed Sarnowski to life sentences—and that the State's continuances were requested for nonnegligent reasons, the delay caused by the State was tolerable. *See Barker*, 407 U.S. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge"); *Inzunza*, 135 Nev. at 517, 454 P.3d at 732 (recognizing circumstances that justify delays, such as missing witnesses).

("Bare allegations of impairment of memory, witness unavailability, or anxiety, unsupported by affidavits or other offers of proof, do not demonstrate a reasonable possibility that the defense will be impaired at trial or that defendants have suffered other significant prejudice."); *see also Furbay v. State*, 116 Nev. 481, 485, 998 P.2d 553, 555-56 (2000) (considering whether there was evidence of the State's actions prejudicing the defendant). Indeed, it appears that Sarnowski benefitted from the delay as the State had to dismiss some charges when one victim decided not to testify. *See Barker*, 407 U.S. at 521 (recognizing that trial delays "may work to the accused's advantage," and therefore are not per se prejudicial, since the delay often results in missing or forgetful State witnesses, impeding the State's ability to satisfy its burden of proof). Thus, we conclude that the district court did not err in denying Sarnowski's motion to dismiss. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

cc:     Hon. Kerry Louise Earley, District Judge
        Monique A. McNeill
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk