An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEWIS LOWE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68042

FILED

JUL 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus or prohibition challenging the district court's decision to grant the State's request for a continuance of the trial and deny petitioner Lewis Lowe's motion to dismiss the matter with prejudice. Lowe claims that the district court's decision resulted in a violation of his constitutional right to a speedy trial. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The United States Supreme Court has established a four-part balancing test that a court must conduct when determining if the right to a speedy trial has been violated. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The factors are (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted the right, and (4) prejudice. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22098

The first factor is a triggering factor, and a defendant must show that any delay is of sufficient duration to be considered "presumptively prejudicial" in order to trigger a speedy trial analysis. *Barker*, 407 U.S. at 530-32. Although there is no bright line rule, courts have generally found post-accusation delays to be presumptively prejudicial as they approach the one-year mark. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, if trial commences as scheduled on February 29, 2016, the delay will have been more than 18 months since Lowe was arrested. This delay is sufficiently lengthy to warrant further inquiry into the other *Barker* factors.[1]

As to the second factor, the original trial date was continued due to health issues with the co-defendant's prior counsel. The district court found good cause to continue the subsequent trial date, concluding that there was no conscious or willful disregard or indifference of Lowe's rights by the State. The district court denied Lowe's motion to dismiss, granted his motion for release on his own recognizance, and set the current trial date to accommodate the pregnancy of the out-of-state victim. This factor weighs slightly in Lowe's favor. *See Barker*, 407 U.S. at 531 (holding that "a valid reason, such as a missing witness, should serve to justify appropriate delay," but that it is ultimately the responsibility of the government to bring a defendant to trial).

Regarding the third factor, Lowe invoked his right to a speedy trial and appears to have consistently asserted this right without waiver. Therefore, this factor weighs in his favor.

---

[1]Lowe argues that the delay far exceeds 60 days, but the 60-day rule relates to the statutory speedy-trial right, *see* NRS 178.556.

Lastly, as to the prejudice factor, Lowe argues that he is not required to prove actual prejudice but may rely on the presumption of prejudice or that the State has the burden of proving the delay left him unimpaired to defend himself.[2] However, so long as the State pursues Lowe with reasonable diligence, his speedy-trial claim fails unless he demonstrates a specific prejudice to his defense. *See Doggett*, 505 U.S. 647, 656 ("[I]f the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail. Indeed that conclusion would generally follow as a matter of course however great the delay, so long as Doggett could not show specific prejudice to his defense."). The district court made clear findings that the State was not in any way dilatory or that it had any motive of delay in asking for its continuance, and we give deference to the district court's findings of fact. *See Williams v. Eighth Judicial Dist. Court*, 127 Nev., Adv. Op. 45, 262 P.3d 360, 365 (2011) ("In the context of a writ petition, this court gives deference to the district court's findings of fact, but reviews questions of law de novo.").

Alternatively, Lowe argues that he is prejudiced by the fact that one of his witnesses is ill and may not be available to testify at a later trial date and that he may lose witnesses who would advance his theory of defense. This argument is merely speculation. *See United States v. Loud*

---

[2]To the extent Lowe argues that he is prejudiced because he has exhausted an underlying sentence during the pendency of this case and may lose the time he has already served, we will not consider this argument because Lowe fails to provide necessary cogent arguments or supporting documents. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 229, 88 P.3d 840, 844 (2004).

*Hawk*, 474 U.S. 302, 315 (1986) (holding that the possibility of prejudice is insufficient to establish a violation of speedy trial rights). Thus, this factor weighs against Lowe. *See State v. Fain*, 105 Nev. 567, 570, 779 P.2d 965, 967 (1989) (concluding that a showing of prejudice is not essential but that this court may weigh its absence more heavily than other factors).

Having balanced all of the *Barker* factors, we conclude Lowe has failed to demonstrate that there has been a speedy-trial violation and that extraordinary relief is warranted. *Winkle v. Foster*, 127 Nev., Adv. Op. 42, 269 P.3d 898, 899 (2011).

Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Kathleen E. Delaney, District Judge
Law Office of Lisa Rasmussen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A