IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MAURICIO RIVAS,
Respondent.

No. 78518

**FILED**

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting respondent's pretrial motion to dismiss an information. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

The State filed an information charging respondent Mauricio Rivas with six counts of lewdness with a child under the age of 14. Rivas moved to dismiss the information, arguing that the State violated his Sixth Amendment right to a speedy trial. Specifically, Rivas complained of the delay from the time he was charged with the crimes until he was arrested, a period of approximately two years and five months.

When a defendant claims a violation of the right to a speedy trial, courts apply the four-factor test set out in *Barker v. Wingo*, 407 U.S. 514 (1972) and clarified in *Doggett v. United States*, 505 U.S. 647 (1992). The four factors include the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530. "No one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant." *United States v. Ferreira*, 665 F.3d 701, 705 (6th Cir. 2011) (internal quotation marks omitted). We review for an abuse of discretion the district court's decision to grant a motion to dismiss

based on a violation of the right to a speedy trial. *State v. Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d 727, 730 (2019). "In evaluating whether a defendant's Sixth Amendment right to a speedy trial has been violated, this court gives deference to the district court's factual findings and reviews them for clear error, but reviews the court's legal conclusions de novo." *Id.* at 730-31.

Regarding the first factor, "to trigger the *Barker-Doggett* speedy-trial analysis, the length of the delay must be presumptively prejudicial [and] [a] post-accusation delay meets this standard as it approaches one year." *Id.* (internal citation and quotation marks omitted). We agree with the district court that the 29-month delay between the charges and Rivas' arrest was sufficient to trigger the speedy-trial analysis.

As to the second factor—the reason for the delay—we again agree with the district court that the State was responsible for the delay due to its failure "to make any attempt to locate Mr. Rivas or to inform him of the pending criminal charges." Despite obtaining a local address for Rivas, "[t]he only action the police took to locate Mr. Rivas was to input his warrant in the NCIC database and passively wait for [him] to come in contact with law enforcement." According to testimony at an evidentiary hearing on Rivas' motion, the arrest warrant was supposed to be assigned to an apprehension team for execution, but the apprehension team did not have any record of receiving the warrant and there was no mechanism in place to follow up on the execution of the warrant. Rivas was eventually arrested because he encountered law enforcement during an unrelated traffic stop.

As to the third factor—the assertion of the right—we also agree with the district court that Rivas could not have waived his right to a speedy

trial during the delay "because there was no evidence presented that [he] knew an arrest warrant was issued." *See Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d at 732 (recognizing that a defendant must have knowledge of the charges before this factor can weigh against him).

Lastly, the district court determined that the fourth factor—prejudice to the defendant—weighed in favor of Rivas and that a presumption of prejudice applied. As we recognized in *Inzunza*, while defendants are generally relieved from demonstrating actual prejudice where the delay is five years or longer, "a bright-line rule is not appropriate under the *Barker-Doggett* test, and, therefore, the presumption of prejudice is not forfeited simply because [the] delay is less than five years." *Id.* at 733 (internal quotation marks omitted). For cases involving government negligence[1] and a period of delay similar to Rivas' case, the following factors have been used "in determining whether prejudice should be presumed: the length of the post-charge delay, whether the length of the post-charge delay was compounded by a lengthy and inordinate pre-charge delay, the complexity of the alleged crime, the investigation conduct by law enforcement, and whether the negligence was particularly egregious." *Id.*

Considering the factors together, we conclude the district court did not err in determining Rivas was entitled to a presumption of prejudice. The length of the delay extending beyond the threshold one-year mark was

---

[1]The State claims the district court's order does not contain a finding of governmental negligence. Although the word "negligence" is not in the district court's order, the district court's oral ruling and its order make clear that the district court considered the delay to be "entirely the State's responsibility, with no explanation, meaningful explanation, of what occurred . . . and why it took so long between when the [a]rrest [w]arrant was issued and the arrest itself."

SUPREME COURT
OF
NEVADA

(O) 1947A

only 17 months. But the arrest warrant did not issue for over 2 years after law enforcement was made aware of the allegations, and the complexity of the crime and the investigative conduct by law enforcement—including nearly 18 months of seeming inactivity—weigh heavily in Rivas' favor. In addition, the address obtained by law enforcement from Rivas' DMV records was the exact address given by the victim's mother, the same address where the alleged conduct occurred, and the address where Rivas was living when the arrest warrant issued. *See id.* at 734 (considering, to the government's detriment, the fact "that the State had the means to locate [the defendant] and failed to take any steps to do so").

After the district court determined that Rivas was entitled to a presumption of prejudice, the State had the burden of rebutting that presumption and "detail[ing] how [Rivas] was not prejudiced by the delay." *Id.* at 733. The State argued that the death of Rivas' wife, a person who was present when the victim visited and when the alleged conduct would have occurred, happened before the arrest warrant issued and thus any prejudice to Rivas' defense based on her death was not a result of the delay in his arrest. Additionally, the State claimed Rivas did not sufficiently demonstrate his mental decline or that it arose during the delay in his arrest. Finally, the State suggested that it was equally prejudiced by the loss of any witnesses or evidence. We conclude the State's arguments did not rebut the presumption of prejudice.[2] Accordingly, "the *Barker* factors . . . weigh in [Rivas'] favor, necessitating the severe remedy of

---

[2]To the extent the State relies on *State v. Fain*, 105 Nev. 567, 779 P.2d 965 (1989), we recently "recognize[d] that *Doggett* overruled *Fain* to the extent *Fain* precluded the court from presuming prejudice to the defendant under certain circumstances." *Inzunza*, 135 Nev., Adv. Op. 69, 454 P.3d at 733 n.1.

dismissal, which is the only possible remedy when a defendant's speedy-trial right has been denied." *Id.* (internal quotation marks omitted).

Based on the above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Kathleen E. Delaney, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk